DORIS S. JOHNSON, APPELLANT, V. PRUDENTIAL INSURANCE COMPANY OF AMERICA, A CORPORATION, ET AL., APPELLEES.

156 N. W. 2d 812

Filed March 1, 1968. No. 36741.

Gerald B. Buechler, for appellant.

Mason, Knudsen, Berkheimer & Endacott, for appellee Prudential Ins. Co.

Sampson & Armatys, for appellee Power.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an appeal from a judgment of the district court for Hall County rendered in favor of the defendant Evelyn R. Power as guardian of Deniece Power, her minor daughter, and against the plaintiff, Doris S. Johnson, the mother of William LeRoy Stubbe, deceased, on a Servicemen's Group Life Insurance policy for $10,000. The plaintiff has appealed to this court.

The record discloses that Stubbe was born on April 25, 1945, and entered the military service of the United States on April 27, 1965, at which latter time he was

20 years and 2 days of age. From the effective date of Title 38 U. S. C. A., §§ 765 and 776, on September 29, 1965, he was insured under a Servicemen's Group Life Insurance policy for $10,000. On October 29, 1965, while still a minor, Stubbe executed and delivered through army channels a designation of beneficiary form, DA 3054, on which he designated Deniece Power as beneficiary of the insurance policy. Stubbe was killed in action in Viet Nam on October 1, 1966, leaving neither widow nor children surviving him; his mother, the plaintiff, being his only heir at law surviving him. The designation of beneficiary on October 29, 1965, is the only designation of beneficiary made by Stubbe. It is stipulated that in the absence of a designation of beneficiary, Stubbe's mother, the plaintiff, would be entitled to the proceeds of the insurance policy.

It is the contention of the plaintiff, in part at least, that the state law governs while the defendant contends that the decision rests solely on the federal acts of Congress, Title 38 U. S. C. A., §§ 765 to 776. We think that Servicemen's Group Life Insurance is a contract between the United States government and approved insurers for the benefit of the insureds, the same being those entering the military service of the United States. The designation of insurers by the federal government under regulations prescribed by the federal act amounts to a preemption of the field of servicemen's life insurance and it is therefore subject to the rules and regulations provided in the federal acts. It is true that Title 38 U. S. C. A., §§ 765 to 776, is so recent of enactment that precedent is not available that is specifically applicable to the situation before us. Previous cases under former federal statutes, however, point the way.

In Barton v. United States, 75 F. Supp. 703, it was held: "Whether state law can control disposition of proceeds of policies issued pursuant to the National Life Insurance Act of 1940, 38 U. S. C. A. §§ 801-818, depends upon the intent of Congress; for it is clear that the Act, being

a constitutional exercise of powers granted to Congress * * * is 'Supreme Law of the Land' * * * if Congress so willed (citing cases). Federal control of title to the proceeds of service insurance, both before and after payment by the Government, has been consistently recognized and enforced (citing cases)." See, also, Taylor v. United States, 113 F. Supp. 143.

In United States v. Williams, 302 U. S. 46, 58 S. Ct. 81, 82 L. Ed. 39, it is said: "Enlistment is more than a contract; it effects a change of status. It operates to emancipate minors at least to the extent that by enlistment they become bound to serve subject to rules governing enlisted men and entitled to have and freely to dispose of their pay. Upon enlistment of plaintiff's son and until his death, he became entirely subject to the control of the United States in respect of all things pertaining to or affecting his service. * * * War risk insurance was made available to those in active military service for the greater protection of themselves and their dependents. By the insurance contract, of which applicable provisions of statutes and regulations constitute a part, the insured minor was authorized to allot a part of his pay for the payment of premiums, to change beneficiaries without their consent and to cancel the insurance in whole or in part."

The change in beneficiary in the instant case had the effect of making his fiancee instead of his mother the beneficiary of his servicemen's group insurance policy. Plaintiff contends that he could not do this in view of his minority.

The federal statute provides that the policy will be paid upon the insured's death and the establishment of a valid claim, first, to the beneficiary as the insured may have designated by a writing received in the uniformed services prior to his death, and then, if there be no such beneficiary, to his widow, to his child or children, to his parents, to his executor or administrator, and to his next of kin in the order stated. Title 38 U. S. C. A., § 770.

There are no restrictions placed upon the right of the insured to designate his beneficiary. The right of the insured to designate or change the beneficiary of his Servicemen's Group Life Insurance policy at his sole instance is in no manner limited and is, in fact, absolute. The Congress well knew that minors would be called into military service. It was the province of Congress to include limitations on minors if such was desired. This it did not do and the right of a minor to designate his beneficiary was therefore granted. The fact that the insured was a minor when the designation of beneficiary was made does not deprive him of the right to do that which the controlling federal statute authorized him to do.

The trial court came to the same conclusion and it is correct. The judgment of the district court must therefore be affirmed.

AFFIRMED.