Ruth Iola HOFFMAN, Appellant,

v.

UNITED STATES of America, and Pearl L. Lechner, Appellees.

No. 21959.

United States Court of Appeals Ninth Circuit.

March 13, 1968.

Rodman B. Miller (argued), William A. Bowles, Seattle, Wash., for the appellant.

Bruce T. Thurston (argued), Auburn, Wash., Albert E. Stephan (argued), Asst. U. S. Atty., Eugene G. Cushing, U. S. Atty., Seattle, Wash., for appellee.

Before HAMLEY, JERTBERG and BROWNING, Circuit Judges.

JERTBERG, Circuit Judge:

Appellant, Ruth Iola Hoffman, appeals from the judgment entered by the district court, awarding to appellee, Pearl L. Lechner, the proceeds of two National Life Insurance policies.

The material facts are not in dispute.

Frank Hoffman, while a Major in the United States Army, purchased the policies in 1950 and 1951, naming as beneficiary his then wife, Ruth Iola Hoffman.

In 1962, Major Hoffman filed suit for divorce against appellant in the Superior Court of the State of Washington, in and for King County. In that suit he also requested a division of the community property. The divorce was granted and the court in its divorce decree entered in March, 1963, stated:

> "[T]he said plaintiff [Major Hoffman] is further ordered and directed to at all times designate, keep and maintain RUTH IOLA HOFFMAN as the sole beneficiary in each of said policies during her lifetime * * *."

On August 23, 1963, Major Hoffman executed a change of beneficiary for each policy, designating Pearl L. Lechner as principal beneficiary under both policies.

In 1964, Major Hoffman died, with the above policies in full force and effect.

Following the death of Major Hoffman, appellant filed with the Veterans Administration a claim to the proceeds of said policies as the designated beneficiary of record. A claim for said proceeds was also filed with the Veterans Administration by appellee, Pearl L. Lechner, as the designated beneficiary therein. Upon consideration of said claims the Veterans Administration rendered a decision on March 22, 1966, holding that appellee was entitled to the proceeds of said policy. Notice of denial of

appellant's claim was forwarded by mail, dated March 22, 1966.

Appellant instituted suit in the district court against appellees, claiming in her complaint as stated in appellant's brief:

"that she was owner of and entitled to the insurance money by order of the court [state court] which had adjudicated her the irrevocable beneficiary in the said policies, and that Franklin A. Hoffman's right to designate a change of beneficiary in said policies had been judicially taken away from him."

In her answer, appellee denied the claim of appellant that she was entitled to the proceeds, and claimed the proceeds to be appellee's property.

Appellee, United States of America, admitted liability under said policies, and in order to avoid possible subjection of the United States to double liability under said policies, requested the court to determine whether the appellant or the appellee was entitled to receive the proceeds of said policies, and stands ready to pay the proceeds in accordance with the determination made by the district court.

The district court decided that the appellee was entitled to the proceeds of both policies and entered judgment accordingly, holding, in substance, that 38 U.S.C. § 3101(a) rendered the proceeds of such policies outside the reach of the state court in entering the property settlement decree, and

"that the Superior Court attempted, in its order to assert dominion over an asset which the United States Congress had put beyond its reach."

Appellant specifies that the district court erred in five particulars: claiming (a) that the judgment of the state court is *res judicata*; (b) that appellees are in privity with the decedent and each is bound by the state court judgment; (c) that the right to the insurance money was a vested property right and a community asset, and disposable as such by the divorce decree; (d) that state law, and not federal law, governs; and (e) that the judgment of the district court deprives appellant of her property in violation of the Fifth Amendment to the Constitution of the United States of America.

We believe that appellant's specifications of error may be compressed into a single issue which may be stated as follows:

DOES A STATE COURT HAVE THE POWER TO EFFECTIVELY REQUIRE AN UNWILLING VETERAN TO MAINTAIN HIS FORMER WIFE AS BENEFICIARY ON HIS NATIONAL SERVICE LIFE INSURANCE POLICIES?

In our view the answer to such question must be in the negative.

Two federal statutes apply here. The first is 38 U.S.C. § 3101(a), which the district court found controlling, and which provides:

"(a) Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

The other statute is 38 U.S.C. § 717(a), which provides:

"(a) The insured shall have the right to designate the beneficiary or beneficiaries of insurance maturing on or after August 1, 1946, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries."

In its memorandum opinion, the district court cited, in support of its decision, the following cases: Eldin v. United States, 157 F.Supp. 34 (S.D.Ill.1957); Kaske v. Rothert, 133 F.Supp. 427 (S.D. Cal.1955); Heifner v. Soderstrom, 134 F.Supp. 174 (N.D.Iowa 1955), in each of

which the insurance proceeds from National Service Life Insurance policies were awarded in accordance with the beneficiary designation at the time of the death of the insured, notwithstanding a state divorce decree approving and incorporating a property settlement awarding the policies to someone other than such designated beneficiary.

Similar results were reached by state courts in similar cases where the proceeds of such policies had been paid to the beneficiary designated at the time of the death of the insured. Fleming v. Smith, 64 Wash.2d 181, 390 P.2d 990, aff'd 69 Wash.2d 277, 418 P.2d 147 (1966); Williams v. Williams, 255 N.C. 315, 121 S.E.2d 536 (1961); Kauffman v. Kauffman, 93 Cal.App.2d 808, 210 P. 2d 29 (1949).

Basically the theory of all the recited cases, whether overtly stated or merely implicit in the reasoning of the court, is the Supremacy Clause of the United States Constitution. The leading case in this field is Wissner v. Wissner, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950). In *Wissner*, decedent's wife claimed, by virtue of the California community property law, that notwithstanding the fact decedent named his mother as beneficiary under his National Service Life Insurance policy, she was entitled to one-half the proceeds upon his death, since premiums had been paid with community funds. The state court held that the wife had a "vested right" to the insurance proceeds. The Supreme Court of California denied a hearing.

Reversing the state court's holding, the United States Supreme Court stated, at page 658, at page 399 of 70 S.Ct.:

"We are of the opinion that the decision below was incorrect. The National Service Life Insurance Act is the congressional mode of affording a uniform and comprehensive system of life insurance for members and veterans of the armed forces of the United States. A liberal policy toward the serviceman and his named beneficiary is everywhere evident in the compre-

hensive statutory plan. Premiums are very low and are waived during the insured's disability; costs of administration are borne by the United States; liabilities may be discharged out of congressional appropriations.

The controlling section of the Act provides that the insured 'shall have the right to designate the beneficiary or beneficiaries of the insurance [within a designated class], * * * and shall * * * at all times have the right to change the beneficiary or beneficiaries * * *.' 38 U.S.C. § 802 (g). Thus Congress has spoken with force and clarity in directing that the proceeds belong to the named beneficiary and no other. Pursuant to the congressional command, the Government contracted to pay the insurance to the insured's choice. He chose his mother. It is plain to us that the judgment of the lower court, as to one-half of the proceeds, substitutes the widow for the mother, who was the beneficiary Congress directed shall receive the insurance money. We do not share appellee's discovery of congressional purpose that widows in community property states participate in the payments under the policy, contrary to the express direction of the insured. Whether directed at the very money received from the Government or an equivalent amount, the judgment below nullifies the soldier's choice and frustrates the deliberate purpose of Congress. It cannot stand.

The judgment under review has a further deficiency so far as it ordered the diversion of future payments as soon as they are paid by the Government to the mother. At least in this respect, the very payments received under the policy are to be 'seized,' in effect by the judgment below. This is in flat conflict with the exemption provision contained in 38 U.S.C. § 454a, made a part of this Act by 38 U.S.C. § 816: Payments to the named beneficiary 'shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure

by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. * * *'

We recognize that some courts have ruled that this and similar exemptions relating to pensions and veterans' relief do not apply when alimony or the support of wife or children is in issue. See Schlaefer v. Schlaefer, 71 App.D.C. 350, 112 F.2d 177 [130 A.L.R. 1014] (1940); Tully v. Tully, 159 Mass. 91, 34 N.E. 79 (1893); Hodson v. New York City Employees' Retirement system, 243 App.Div. 480, 278 N.Y.Supp. 16 (1935); In re Guardianship of Bagnall, 238 Iowa 905, 29 N.W.2d 597 (1947) and cases therein cited. But cf. Brewer v. Brewer, 19 Tenn.App. 209, 239–241, 84 S.W.2d 1022, 1040 (1933). We shall not attempt to epitomize a legal system at least as ancient as the customs of the Visigoths,[3] but we must note that the community property principle rests upon something more than the moral obligation of supporting spouse and children: the business relationship of man and wife for their mutual monetary profit. See de Funiak, Community Property, § 11 (1943). Venerable and worthy as this community is, it is not, we think, as likely to justify an exception to the congressional language as specific judicial recognition of particular needs, in the alimony and support cases. Our view of those cases, whatever it may be, is irrelevant here.[4] Further, Congress has provided in the National Service Life Insurance Act that the chosen beneficiary of the life insurance policy shall be, during life, the sole owner of the proceeds." (Footnotes omitted.)

Earlier cases reaching the same result are Pack v. United States, 176 F.2d 770 (9th Cir. 1949), and Barton v. United States, 75 F.Supp. 703 (S.D.Cal.1948).

In respect to appellant's constitutional claim, the Supreme Court stated in *Wissner*, 338 U.S. at page 661, 70 S.Ct. at page 401:

"And since the statute which made the insurance proceeds possible was explicit in announcing that the insured shall have the right to designate the recipient of the insurance, and that 'No person shall have a vested right' to those proceeds, 38 U.S.C. § 802(i), appellee could not, in law, contemplate their capture. The federal statute establishes the fund in issue, and forestalls the existence of any 'vested' right in the proceeds of federal insurance. Hence no constitutional question is presented."

The judgment of the district court is affirmed.