The **PRUDENTIAL INSURANCE COMPANY OF AMERICA**, Appellee,

v.

Aleene T. **KING**, Appellee, and Pamela Nicholson Coleman and Judy C. Crick, Appellants.

No. 71–1052.

United States Court of Appeals, Eighth Circuit.

Nov. 4, 1971.

Rehearing Denied Nov. 29, 1971.

Duke W. Ponick, Jr., Morris, Foust, Moudy, & Beckett, Kansas City, Mo., for appellant Coleman.

M. Randall Vanet, McLaughlin & Vanet, Kansas City, Mo., for appellant Crick.

Frank Brockus, Kuraner, Oberlander, Dingman, Brockus & Lowe, Kansas City, Mo., for appellee Aleene T. King.

9. *See* Jack Neilson, Inc. v. Tug Peggy, 428 F.2d 54 (5th Cir. 1970).

Before VOGEL, GIBSON and LAY, Circuit Judges.

VOGEL, Circuit Judge.

The Prudential Insurance Company of America, plaintiff in the District Court, commenced this statutory interpleader action pursuant to 28 U.S.C.A. § 1335 and § 1397, with respect to the proceeds of a $10,000.00 policy of Servicemen's Group Life Insurance issued in accordance with 38 U.S.C.A. § 765, et seq., which became payable upon the death of Harold R. Silvey, deceased serviceman. No jurisdictional questions are presented.

Defendants - appellants (appellants herein) Pamela Nicholson Coleman and Judy C. Crick jointly appeal from a non-jury verdict by the District Court for the Western District of Missouri which by its judgment ordered the proceeds of the insurance paid to defendant-appellee (appellee herein) Aleene T. King. The District Court's opinion is reported as Prudential Ins. Co. v. King, W.D.Mo. W.D.1970, 324 F.Supp. 1236. The material facts are not in dispute. For the reasons that follow, we reverse.

Harold R. Silvey was born July 14, 1948. He entered the military service of the United States in March 1966 just prior to his eighteenth birthday. He entered the service without the knowledge or consent of his mother, appellee King. He did, however, have the written consent of Merlin C. Silvey, his natural father. (Appellee King was divorced from Merlin C. Silvey in July 1953). At the time of Harold R. Silvey's entry into the military service Public Law 82–214 (38 U.S.C.A. § 765, et seq.) was in effect, automatically insuring a soldier against death up to the amount of $10,000.00 without any action being taken on the part of the serviceman. The order of preference of beneficiaries with respect to such a policy was established by 38 U.S.C.A. § 770(a).[1]

In April 1967 the Army issued Regulation No. 608–2, setting forth comprehensive regulations affecting Servicemen's Group Life Insurance, including regulations for beneficiary designation thereunder. One of these regulations specified that VA Form 29–8286 was to be used to designate beneficiaries for insurance and to designate changes of beneficiaries.

On November 28, 1967, Harold R. Silvey, while stationed at Fort Campbell, Kentucky, executed DA Form No. 3054, entitled Elections of Amount, Beneficiary Designation and Settlement Options for Servicemen's Group Life Insurance. On his Form 3054, Silvey designated the appellants Pamela Nicholson (now Mrs. Pamela Nicholson Coleman) and Mrs. Judy Crick, both friends of his, as beneficiaries under this insurance, payable 50% to each. A photostatic copy of the form executed by Silvey was offered and received in evidence in the District Court.

---

1. 38 U.S.C.A. § 770(a) provides:

"§ 770. Beneficiaries; payment of insurance

"(a) Any amount of insurance under this sub-chapter in force on any member or former member on the date of his death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of his death, in the following order of precedence:

"First, to the beneficiary or beneficiaries as the member or former member may have designated by a writing received in the uniformed services prior to such death;

"Second, if there be no such beneficiary, to the widow or widower of such member or former member;

"Third, if none of the above, to the child or children of such member or former member and descendants of deceased children by representation;

"Fourth, if none of the above, to the parents of such member or former member or the survivor of them;

"Fifth, if none of the above, to the duly appointed executor or administrator of the estate of such member or former member;

"Sixth, if none of the above, to other next of kin of such member or former member entitled under the laws of domicile of such member or former member at the time of his death."

73

# CRICK EXHIBIT A

## (Offered by Defendant King)

3 Jul 68

| | |
|---|---|
| SILVEY, HAROLD R. RA 16 866 447 | ELECTIONS OF AMOUNT, BENEFICIARY DESIGNATION AND SETTLEMENT OPTIONS FOR — SERVICEMEN'S GROUP LIFE INSURANCE |

1. NAME (Last, First, MI) AND SERVICE NO. (Address-graph may be used)

2. ORGANIZATION AND MILITARY ADDRESS

HHC&SEn(Abn)506thInf Ft Campbell, Ky 42223

a. I HAVE BEEN ADVISED OF THE PROVISIONS OF PUBLIC LAW 89-214, WHICH INSURES ME FOR $10,000. I NOW HAVE THE OPPORTUNITY TO EITHER ELECT $5,000 SERVICEMEN'S GROUP LIFE INSURANCE OR TO WITHDRAW FROM THIS PROGRAM IN ITS ENTIRETY.

a. MY ELECTION IS

[X] REMAIN INSURED FOR $10,000.   [ ] TO BE INSURED FOR $5,000.   [ ] NOT TO BE INSURED.

b. BENEFICIARY DESIGNATION

THE LAW PROVIDES THAT IF I DO NOT DESIGNATE A BENEFICIARY, PAYMENT WILL DEVOLVE, IN THE FOLLOWING ORDER: TO MY WIFE, CHILDREN IN EQUAL SHARES, AND PARENTS IN EQUAL SHARES.

MY DESIRES, WITH RESPECT TO BENEFICIARIES, ARE:

[ ] HAVE PAYMENT MADE IN THE ORDER OF PRECEDENCE SET FORTH IN THE LAW.

[X] I DESIGNATE THE FOLLOWING PERSON(S) AS BENEFICIARY(IES):

| FIRST NAME, MIDDLE INITIAL AND LAST NAME OF EACH BENEFICIARY (Print or Type) | ADDRESS OF EACH BENEFICIARY | RELATIONSHIP | PERCENT EACH IS TO RECEIVE |
|---|---|---|---|
| PRINCIPAL (First) | | | |
| Pamela Nicholson | Box 1355 Howard Air Force Base Canal Zone | Friend | 50% |
| Mrs Judy Crick | Route 2, Box 164, Greenville, Ky c/o Woodson Lester | Friend | 50% |
| | | | |
| CONTINGENT (Second)(To receive payment if principal beneficiary does not survive me) | | | |
| | | | |

c. ELECTION OF METHOD OF PAYMENT

I UNDERSTAND THAT MY BENEFICIARY MAY ELECT PAYMENT IN A LUMP-SUM OR IN 36 EQUAL INSTALLMENTS. IF I DO NOT MAKE SUCH AN ELECTION.

MY DESIRES IN THIS RESPECT ARE:

[X] I DO NOT ELECT A SETTLEMENT OPTION.

[ ] I DESIRE TO HAVE SERVICEMEN'S GROUP LIFE INSURANCE PAID IN A LUMP-SUM.

[ ] I DESIRE TO HAVE SERVICEMEN'S GROUP LIFE INSURANCE PAID IN 36 MONTHLY INSTALLMENTS.

| DATE | SIGNATURE |
|---|---|
| 20 Nov 67 | HAROLD R. SILVEY / Harold R. Silvey |

DA FORM 3054 OCT 66

U.S. GOVERNMENT PRINTING OFFICE : 1966 O—789-878

[A4877]

On July 3, 1968, Silvey, who had never married and was still a minor, was killed in action in Vietnam. Thereafter, King, Coleman and Crick claimed the proceeds of the $10,000.00 policy. Prudential interpleaded the various parties and paid the proceeds of the policy into the District Court to await that court's determination.[2]

While the action was pending in the District Court, all of the parties thereto entered into a written stipulation which, inter alia, provided in pertinent part:

"9. During the lifetime of the said Harold R. Silvey and while said insurance was in full force, on or about November 28, 1967, the said Harold R. Silvey signed an Election of Amount, Beneficiary Designation and Settlement Option for Servicemen's Group Life Insurance, DA Form 3054, designating defendants PAMELA NICHOLSON and JUDY CRICK, each as beneficiaries of fifty percent (50%) of the death benefit of said life insurance, a copy of which DA Form 3054 has been marked 'P. Ex.–1', which is the subject of further stipulation in Paragraph 18 hereof and which is incorporated herein by express reference."

Paragraph 18, referred to supra, merely provided for a waiver of objection to certain exhibits, including DA Form 3054, because of lack of identification and further provided that the documents were to be considered genuine.

By a supplemental stipulation pursuant to the District Court's order of November 4, 1970, the parties added to paragraph 9, supra, of the stipulation the following:

"That after the death of the said Harold R. Silvey, the aforesaid signed DA Form 3054 was transmitted through Army channels, in a manner presently unknown to the parties to the action, to the Casualty Division of the Office of the Adjutant General, Department of the Army, which said Division certified said document to the Office of Servicemen's Group Life Insurance, 212 Washington Street, Newark, New Jersey 07102 for processing. Further, that after the aforesaid signed DA Form 3054 was received by the Casualty Division of the office of the Adjutant General, Department of the Army, that office transmitted a VA Form 29–8283 'Claim for Death Benefits' to both defendants Pamela Nicholson Coleman and Judy C. Crick which were received by them (previously identified in the Stipulation filed May 29, 1969 at Page 4 as P.Ex. 2 and P.Ex. 3). In addition, the following documents which are the subject of further stipulation in Paragraph 18 hereof were sent to and received by defendant Pamela Nicholson Coleman: [Various documents listed including letters from the Army to appellants Coleman and Crick and instructions "to Beneficiaries of Servicemen's Group Life Insurance".]"

In its opinion, the District Court premised its decision as follows:

"For the reasons hereinafter stated in detail, judgment should be entered for defendant King because:

(1) The defendants Coleman and Crick relied upon a claimed divestiture of the parents as statutory beneficiaries of the insured's Servicemen's Group Life Insurance by a beneficiary designation on DA Form 3054 which was defective in that it was not executed in accordance with the policy and the governing Army Regulations; and

(2) The defendants Coleman and Crick failed to produce evidence to show that the insured, in using the unauthorized DA Form 3054, intended to change the beneficiaries by

---

2. Merlin C. Silvey, as the natural father of Harold R. Silvey, assigned any interest he might have in the contested matter to the deceased serviceman's mother, Aleene T. King. Louise Silvey, Harold R. Silvey's stepmother, announced prior to trial that she did not intend to actively pursue her claim.

divesting the statutory beneficiaries of their right to the proceeds of his Serviceman's Group Life Insurance; and

(3) The defendants Coleman and Crick failed to produce evidence to show that it was not practicable for the insured to use the correct form to designate them as the beneficiaries of his life policy, as required by the governing regulations." [324 F.Supp. at 1239–1240]

■ We believe the above-stated legal conclusions are not warranted under these facts. First, we direct attention to the controlling statute, 38 U.S.C.A. § 770, which requires no more than "a writing" for beneficiary designation. We would also direct attention to the fact that DA Form 3054 is specifically designated as an "Elections of Amount, Beneficiary Designation and Settlement Options for Servicemen's Group Life Insurance". VA Form 29–8286, which was designated in 1967 as the proper form for use in the naming of beneficiaries, was similar in content and certainly the failure to use it should not be a vehicle by which the serviceman's will or intent could be nullified. The words of Judge Haynsworth in Bew v. United States, 4 Cir., 1961, 286 F.2d 570, 572, are particularly appropos:

"It is well settled that there need not always be strict compliance with all of the regulations governing a change of beneficiary in a N.S.L.I. policy. Formalistic requirements will not be determinative if the apparent intention of the serviceman can reasonably be effectuated. (Roberts v. United States, 4 Cir., 157 F.2d 906; Shapiro v. United States, 2 Cir., 166 F.2d 240; United States v. Pahmer, 2 Cir., 238 F.2d 431; McKewen v. McKewen, 5 Cir., 165 F.2d 761; Bradley v. United States, 10 Cir., 143 F.2d 573.)

"We think the intention of the serviceman is readily apparent from his statement on the Record of Emergency Data form DD 93, as found by the Board of Veterans Appeals. As stated by that Board, there had been confusion between rights to indemnity and rights to insurance with waiver of premium created by the same act of Congress. Under the regulation, the form, itself, is an approved means of effecting a change of beneficiary as to indemnity, but not as to insurance, but, as the Board found, this serviceman could have had nothing else in mind when he designated Joyce as the sole beneficiary to the extent of $10,000, for that amount could be referable only to insurance. *When servicemen are required to execute such a multitude of forms for varying purposes, the fact that his election and exercise of his rights are not expressed on that form having the prescribed color and number should not be a conclusive bar to the implementation of his purpose. When, as here, his purpose and intention clearly appear in the form DD 93, executed in 1956 when he was living with his wife and less than a year preceding his death, we think the Board properly gave it effect as a designation of Joyce as the beneficiary of the entire proceeds of both his insurance policies.*" (Emphasis supplied.)

In Wiley v. United States, 10 Cir., 1968, 399 F.2d 844, 847, it was said:

" 'In such a case (i. e., changing beneficiaries under National Service Life Insurance), technicalities will not be permitted to thwart the express desire of the insured. * * *' Collins v. United States, 161 F.2d 64, 69 (10th Cir. 1947)."

Judge Johnsen, speaking for this court in Bratcher v. United States, 8 Cir., 1953, 205 F.2d 953, noted:

"The decisions of the courts too have taken a liberal path in according recognition to attempted beneficiary changes in national service life policies. With regard for the limitations and realities of military life, the courts have brushed aside general legal technicalities and have made their consideration a matter of evaluating

practicably the substance in each particular situation. While keeping in mind, of course, the burden entitled to be exacted in the establishing of a change in beneficiary designation, they have dealt with a situation hospitably and primarily from the standpoint of the insured, and have in general recognized changes in beneficiaries as having occurred whenever they have found some persuasive indication of an intent on the part of the insured to make such a change and some written step taken by him to that end as an assumed effectuative act."

See, also, Smith v. United States, 5 Cir., 1970, 421 F.2d 634; Hammack v. Hammack, 5 Cir., 1966, 359 F.2d 844; Hawkins v. Hawkins, 5 Cir., 1959, 271 F.2d 870; Aguilar v. United States, 9 Cir., 1955, 226 F.2d 414, cert. denied, 1956, 351 U.S. 955, 76 S.Ct. 852, 100 L.Ed. 1478; Moths v. United States, 7 Cir., 1950, 179 F.2d 824; McKewen v. McKewen, supra, 5 Cir., 1948, 165 F.2d 761, cert. denied, 1948, 334 U.S. 860, 68 S.Ct. 1530, 92 L.Ed. 1780; Mitchell v. United States, 5 Cir., 1948, 165 F.2d 758.

An analysis of the particular Form 3054 executed by Harold R. Silvey on November 28, 1967, indicates that he made a number of conscious and clear-cut decisions at the time he executed the form. First, it should be noted that he made an election to remain insured for $10,000.00 as opposed to having his insurance reduced to $5,000.00 or even not to be insured at all. Second, instead of allowing the law to provide for his beneficiaries and order of payment, he definitely opted for designation of the beneficiaries himself. Third, he clearly designated appellants Pamela Nicholson (now Coleman) and Judy Crick as beneficiaries, giving their names and addresses and providing that they should each receive 50% of the amount of his insurance. Fourth, he refused to elect a settlement option for his beneficiaries, indicating clearly that he left that decision to them. These facts are undisputed with no testimony whatsoever of any nature contradicting them.

In Benard v. United States, 8 Cir., 1966, 368 F.2d 897, 899, this court, speaking through Judge Van Oosterhout, stated:

"The regulations pertaining to change of beneficiary are quite liberal. While the beneficiary change on a prescribed form is recommended, the use of the form is not required. Any written notice signed by the insured and placed in proper channels to reach the Veterans' Administration would effectively result in a change of beneficiary and the change will become effective as of the date of the notice even though the notice is not received until after the insured's death.

"All courts have shown a disposition to be as liberal in carrying out the insured's intent as the statutes and regulations will permit. Some cases, as pointed out in the annotations, supra, appear to accept almost anything as a required affirmative act if satisfied as to the intent, and in practical effect come at least close to dispensing with any need of proof of an overt act directed at effecting the change. Most courts, however, feel that the provisions of the statute and regulations cannot be completely brushed aside and that some affirmative action directed toward implementing the intent is required."

And at page 901:

"Thus, in our cases dealing with the problem here presented we have uniformly held that intent alone is insufficient to effect a change in beneficiary and that in addition there must be proof that the insured did by way of an affirmative act all that could reasonably have been expected of him under the existing circumstances to effectuate his intention to change his beneficiary. We adhere to such position."

In the instant case we are at a loss to know or conjecture what more the

deceased serviceman could have done to indicate his intention and to put it into effect than by completely filing out Form 3054, executing it and sending it through channels to the proper offices. See Wilmoth v. United States, 139 U.S.App.D.C. 277, 1970, 432 F.2d 1339. In a recent decision by this court, speaking through Judge Matthes, in Stribling v. United States, 8 Cir., 1969, 419 F.2d 1350, 1352, we stated:

> "The liberal policy, adopted by this court among others, effectuated a change of beneficiary upon proof of only two conditions: First, that the serviceman intended to change the beneficiary of his particular policy, and second, that he performed some overt act directed toward accomplishing that end. Benard v. United States, 368 F.2d 897 (8th Cir. 1966). For an exhaustive collection of pertinent cases see Annot., 2 A.L.R.2d 489 (1948)."

The two conditions referred to by Judge Matthes in *Stribling* are present in the instant case, with no testimony whatsoever from which contrary conclusions or inferences could be drawn. It seems patently obvious that Silvey intended to designate Nicholson and Crick as his beneficiaries by inserting their names and addresses in a "Beneficiary Designation" form. He thereafter effectuated this intent by signing the form and sending it through Army channels to its ultimate destination.

No adverse inferences can be drawn from these facts; and there are no factual issues here presented, only the legal significance of the use of the outmoded beneficiary form, which was not in any way the fault of the insured and which form clearly, and in accordance with 38 U.S.C.A. § 770, sets forth a legal designation of beneficiary.

In appellee King's brief there are noted other alleged grounds upon which it is claimed the trial court could have justified its finding. Apparently these additional grounds were not brought to the attention of the District Court as they were not discussed in its opinion. Among them is the argument that since Harold R. Silvey was a minor at the time he entered the service, a minor at the time he executed the beneficiary designation Form DA 3054 and a minor at the time he was killed in action, appellee King as the mother of such unmarried minor serviceman had the sole right to his custody and control and to the services of her son, and that these rights were governed by the law of Missouri. The contention is untenable. We agree with the Supreme Court of Nebraska where, in a related problem, in Johnson v. Prudential Ins. Co. of America, 1968, 182 Neb. 673, 156 N.W.2d 812, at pages 813–814, it stated:

> "It is the contention of the plaintiff, in part at least, that the state law governs while the defendant contends that the decision rests solely on the federal acts of Congress. Title 38 U.S.C.A. ss. 765 to 776. We think that Servicemen's Group Life Insurance is a contract between the United States government and approved insurers for the benefit of the insureds, the same being those entering the military service of the United States. The designation of insurers by the federal government under regulations prescribed by the federal act amounts to a preemption of the field of servicemen's life insurance and it is therefore subject to the rules and regulations provided in the federal acts."

See, United States v. Williams, 1937, 302 U.S. 46, 58 S.Ct. 81, 82 L.Ed. 39; Davenport v. Servicemen's Group Life Insurance Co., 1969, 119 Ga.App. 685, 168 S.E.2d 621. Cf. Wissner v. Wissner, 1950, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424; Hoffman v. United States, 9 Cir., 1968, 391 F.2d 195; Green v. Green, Mo., 1950, 234 S.W.2d 350 (Mo.App.); Swenson v. Swenson, Mo., 1950, 227 S.W.2d 103 (Mo. App.).

We have considered all of the contentions of the appellee and find them without merit. Accordingly, we reverse and remand this case to the District Court with directions to enter judgment in favor of the appellants Coleman and Crick.