Judy Ann STRATTON, Plaintiff and Defendant to Counterclaim, and Kenneth James Stratton et al., Defendants to Counterclaim,

v.

SERVICEMEN'S GROUP LIFE INSURANCE COMPANY, Defendant and Counterclaimant.

Civ. No. 76–115–2.

United States District Court, S. D. Iowa, C. D.

Nov. 23, 1976.

Oscar E. Jones, Des Moines, Iowa, for plaintiff and defendant to counterclaim.

Daniel L. Power, Des Moines, Iowa, guardian ad litem, for defendants to counterclaim.

Kent M. Forney and William L. Chaplin, Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, Iowa, for defendant and counterclaimant.

## CONCLUSIONS OF LAW and ORDER FOR JUDGMENT

HANSON, Chief Judge.

Following oral argument on November 3, 1976, this matter was submitted to the Court for final disposition. The parties, prior to said hearing, entered a joint stipulation of facts and exhibits, and no objection has been made to the Court's taking of jurisdiction pursuant to 38 U.S.C. § 775.[1] Hence, the only question remaining for consideration herein pertains to which of the parties, under 38 U.S.C. § 765, *et seq.*, are legally entitled to the proceeds from a Servicemen's Group Life Insurance policy. Before addressing itself to the proceeds question, the Court briefly reviews the facts and procedural history of this action.

### FACTS AND PROCEDURAL HISTORY

Richard Paul Stratton and Judy Ann Stratton were married on September 23, 1957. The Strattons, before their divorce on June 18, 1970, had three children—Kenneth James Stratton, Keith Eugene Stratton and Richard Paul Stratton, Jr. At the time of the final decree of divorce, and continuing throughout the period now in question, Richard Paul Stratton was a member of the United States Armed Forces. A joint stipulation entered into by Richard Paul and Judy Ann Stratton on April 9, 1970, and subsequently incorporated and made part of their divorce decree, provided that Richard Paul Stratton would maintain his military life insurance policy in the amount of at least $10,000.00 and would maintain Judy Ann Stratton as the sole beneficiary of that policy. However, Richard Paul Stratton at some time thereafter executed an election or designation of beneficiaries by filing the Record of Emergency Data (DA Form 41). Said DA Form 41 has been completed to require that the proceeds of his Servicemen's Group Life Insurance policy, underwritten by the Servicemen's Group Life Insurance Company in the amount of $20,000.00, be distributed as provided "by law." Richard Paul Stratton died on December 14, 1975.

Following the death of Stratton, Judy Ann Stratton requested that the Servicemen's Group Life Insurance Company pay her the proceeds from her former husband's policy. The Insurance Company's refusal to make that requested payment precipitated plaintiff's filing of the pending action on April 6, 1976. Later, on April 27, 1976, the defendant Insurance Company was permitted to add as defendants to its counterclaim and cross claim the three Stratton children; and, after a guardian ad litem had been appointed for the three minor children, the Company's motion for interpleader as between plaintiff Stratton and her three defendant children was sustained. Defendant Insurance Company, on August 24, 1976, was discharged from the instant action. Subsequent to that discharge, the remaining parties, plaintiff Stratton and defendants Kenneth James Stratton, Keith Eugene Stratton, and Richard Paul Stratton, Jr., through their guardian ad litem, briefed and orally argued the merits of their respective claims to the disputed life insurance proceeds.

### CONCLUSIONS OF LAW

Critical to the determination of whether plaintiff or defendants are entitled to the insurance proceeds is 38 U.S.C. § 770(a) of the Servicemen's Group Life Insurance Act. That section, relating to designation of beneficiaries, provides in part:

(a) Any amount of insurance under this subchapter in force on any member or former member on the date of his death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of his death, in the following order of precedence:

First, to the beneficiary or beneficiaries as the member or former member may have designated by a writing received

---

1. Section 775 provides:

    The district courts of the United States shall have original jurisdiction of any civil action or claim against the United States founded upon this subchapter [Servicemen's Group Life Insurance, 38 U.S.C. § 765, *et seq.*].

in the uniformed service prior to such death; . . .

Second, if there be no such beneficiary, to the widow or widower of such member of former member;

Third, if none of the above, to the child or children of such member or former member and descendants of deceased children by representation;

. . . . .

■ While conceding in oral argument that Section 770(a) has preempted state law in the area of Servicemen's Group Life Insurance, plaintiff maintains that the aforementioned stipulation which was incorporated in the 1970 divorce decree eliminates consideration of this section. Plaintiff first argues that the divorce decree was a final and binding legal determination of her entitlement to the insurance proceeds, and such a determination could not be upset by the filing of a DA Form 41. Also, plaintiff argues in an alternative but not inconsistent fashion, when her former husband completed the DA Form 41 to designate that his insurance proceeds should be distributed "by law", this both meant and was intended by him to mean that the proceeds were to be distributed in accordance with that earlier divorce decree. She alone, therefore, is said to be entitled to at least $10,000.00 of the insurance proceeds.

■ On behalf of the defendant Stratton children, the guardian ad litem contends that the provisions of the 1970 divorce decree cannot be considered in the resolution of the proceeds controversy. The basis for this contention is that Section 770(a), which allegedly controls the payment of proceeds under any Servicemen's Group Life Insurance policy, requires the designation of a beneficiary to be in "writing received in the uniformed service prior to [the serviceman's death]." Such a notice requirement, a requirement that is strictly construed, is argued to preclude plaintiff's recovery pursuant to the divorce decree: the decedent had not given written notification to the appropriate Armed Forces office of the beneficiary designation in the divorce decree. Thus, only DA Form 41, which was a properly executed notice, is significant. The "by law" designation in that form, defendants argue, unequivocally indicated that the insurance proceeds were to be distributed in accordance with Section 770(a). Pursuant to that section, since there was neither a named beneficiary nor a surviving "widow," the "children" of the decedent would be entitled to the proceeds under the third order of preference.[2] *See* Section 770(a), *supra.*

This Court has no doubt that defendants are correct in arguing that the uncontested lack of notice renders the divorce decree provisions pertaining to the insurance proceeds unenforceable. This argument is fully supported by the rules promulgated pursuant to Section 770(a).

(d) Any designation or change of beneficiary or election of optional settlement will take effect *only if* it is in writing, signed by the insured and received prior to the death of the insured by his or her uniformed service . . . .

(f) No change or cancellation of beneficiary or election of optional settlement in a last will or testament, *or in any other document* shall have any force or effect unless such change is received by the appropriate office as provided in paragraph (d) of this Section.

38 C.F.R. § 9.16(d)(e). (Emphasis added.) That Section 770(a) and the notice regulations thereunder are also to be strictly construed was made clear by the United States Court of Appeals for the Eighth Circuit in *Stribling v. United States,* 419 F.2d 1350 (8th Cir. 1969). *See also Weymann v. Wilson,* 320 F.Supp. 980 (M.D.Fla.1970). Consequently, despite whatever final and binding effect the divorce decree provisions may

2. Defining relevant terms, 38 U.S.C. § 765 provides:

For purpose of this subchapter [§ 765–§ 779]—

(7) The terms "widow" or "widower" means a person who is the lawful spouse of the insured member at the time of his death.
(8) The term "child" means a legitimate child . . . .

have in matters of state law, plaintiff has failed to file a valid claim for insurance proceeds distributed under federal law.

■ In contrast to the divorce decree, the DA Form 41, which is stipulated as having been properly executed and filed, did constitute sufficient notice under Section 770(a). Again in agreement with the defendants, the Court finds no substance to plaintiff's alternative contention that the "by law" designation referred to the divorce decree. It is evident from DA Form 41, under the paragraph denominated as "Provisions of Law for Payment of Insurance," that the "by law" designation in fact referred to Section 770(a), the provisions of which are therein set forth in an abbreviated fashion. However, plaintiff's further claim, that the decedent at least *intended* his "by law" designation to refer to the divorce decree, does necessitate consideration beyond the mere face of the Form 41 instrument.

In *Prudential Insurance Company of America v. King*, 453 F.2d 925 (8th Cir. 1971), the Eighth Circuit Court reviewed cases which had dealt with the question of intent in the context of 38 U.S.C. § 770. The Court concluded that " 'intent alone is insufficient to effect a change in beneficiary' ":

> The liberal policy, adopted by this court among others, effectuated a change of beneficiary upon proof of . . . two conditions: First that the serviceman intended to change the beneficiary of his particular policy, and second, that he performed some overt act directed toward accomplishing that end. *Benard v. United States*, 368 F.2d 897 (8th Cir. 1966).

*King, supra*, at 930–31. Thus, even if her intent argument could be sustained, plaintiff would still have to call the Court's attention to some act by which the decedent manifested that intent.

The plaintiff simply cannot satisfy the Circuit Court's two-condition test. No evidence has been introduced which would overcome an equally if not more plausible claim that decedent's "by law" designation was actually made with the intent to bypass his former wife. And the ambiguity surrounding the decedent's filing of the DA Form 41 could scarcely be characterized as an "overt act" manifesting his intent. From the evidence in this record, the Court is unable to conclude that the "by law" designation was intended to mean that the divorce decree should control the distribution of the insurance proceeds. Indeed, the Court has no reason to believe that the "by law" designation meant other than what it patently appears to mean—that the order of preference in Section 770(a) should determine entitlement to the disputed insurance proceeds. Pursuant to that order of preference, the defendant Stratton children are clearly entitled to those proceeds.

■ The Court discerned at oral argument that the underlying basis for plaintiff's grievance is the seeming inequity inherent in decedent's being able to covertly avoid the provisions of the divorce decree, an avoidance that even proper notice of that decree could not have prevented. Yet, the law is clear:

> A change of beneficiary may be made at any time and without the knowledge or consent of the previous beneficiary. 38 C.F.R. § 9.16(e).

Congress determined that such regulations were necessary to make the Servicemen's Group Life Insurance program administratively feasible, and the Court is not in a position to question that wisdom. *See Stribley, supra*, at 1354. If there is legal redress for the violation of the agreement within the divorce decree, precedent suggests that it lay only in an action against Richard Paul Stratton's Estate for breach of that agreement. *See Weymann, supra*, at 989.

### ORDER FOR JUDGMENT

In accordance with the DA Form 41 filed by Richard Paul Stratton,

IT IS HEREBY ORDERED that defendants Kenneth James Stratton, Keith Eugene Stratton, and Richard Paul Stratton, Jr., being the first designated beneficiaries under the controlling statutory order of preference set forth in 38 U.S.C. § 770(a),

are entitled to all proceeds from Richard Paul Stratton's Servicemen's Group Life Insurance policy.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment consistent with the ruling herein.