Hayley D. RIDGWAY et al.

v.

PRUDENTIAL INSURANCE COMPANY
OF AMERICA.

Supreme Judicial Court of Maine.

Argued March 17, 1980.

Decided Sept. 26, 1980.

Linnell, Choate & Webber, G. Curtis
Webber (orally), Auburn, Orestis & Garcia,
Peter Garcia (orally), Lewiston, for plain-
tiffs.

Skelton, Taintor & Abbott, Stephen P.
Beale (orally), Lewiston, for defendant.

Before McKUSICK, C. J., and GOD-
FREY, NICHOLS, GLASSMAN and ROB-
ERTS, JJ.

GLASSMAN, Justice.

In this case, we are called upon to decide
a very narrow but important issue: wheth-
er federal law prohibits a state court from
imposing a constructive trust on the pro-
ceeds of a Servicemen's Group Life Insur-
ance policy in favor of a deceased service-
man's minor children when, contrary to a
property settlement agreement and an ex-
press judicial decree, the serviceman failed
to name the minor children as beneficiaries
of that insurance.

Richard Ridgway, a career Army ser-
geant, was insured under a Servicemen's
Group Life Insurance (SGLI) policy in the
amount of $20,000. As of 1975, the desig-
nated beneficiary of this policy was the
insured's wife, April Ridgway. On Decem-
ber 7, 1977, April was granted a divorce
from Richard in the Superior Court, An-
droscoggin County. The divorce decree in-
corporated a property settlement agree-
ment whereby Richard agreed to maintain
for the benefit of his minor children the
insurance policies on his life which he then
owned. The divorce decree expressly com-
manded that he

> keep in force the life insurance policies on
> his life now outstanding for the benefit
> of the parties' three children. If any of
> such insurance policies should subse-
> quently be terminated for any reason,
> defendant shall immediately replace it
> with other life insurance of equal amount
> for the benefit of the children.

On March 28, 1978, Richard married Don-
na Ridgway. Six days later, he changed
the beneficiary designation on the SGLI
policy, directing that the proceeds of the
policy be paid as specified "by law." Under
federal law, this designation was effective
upon Richard's death to direct payment of
the proceeds to his widow, Donna. See 38
U.S.C. § 770(a) (1976); 38 C.F.R. § 9.16
(1979). Richard died on January 5, 1979;
both Donna, as the decedent's widow, and
April, on behalf of her minor children, filed
claims for the proceeds of the policy.

On April 13, 1979, April filed a complaint in the Superior Court, Androscoggin County, against The Prudential Insurance Company of America after the insurer had indicated that it intended to pay the proceeds of the SGLI policy to Donna. The complaint sought a declaration that pursuant to the divorce decree the minor children were entitled to the policy proceeds as well as both permanent and temporary injunctive relief to prevent Prudential from paying the proceeds to Donna. By stipulation, Donna subsequently joined the action as a party plaintiff, requesting that the insurance proceeds be paid to her. *See* M.R. Civ.P. 19(a). By leave of court, April then amended the complaint to designate the three children as parties plaintiff and herself as next friend. *See* M.R.Civ.P. 17(b). By further amendment and the filing of a cross–claim against Donna, April sought the imposition of a constructive trust for the benefit of her children on any proceeds of the policy paid to Donna and an order that in the event Donna was declared a constructive trustee Prudential pay the proceeds directly to the minor children. Following consolidation of the preliminary injunction hearing with a hearing on the merits, *see* M.R.Civ.P. 65(b)(2), the case was submitted on the basis of the stipulated facts.

The Superior Court ruled that federal law gave an insured serviceman an absolute right by statutorily prescribed means to designate or to change the beneficiary of an SGLI policy, and, therefore, under the supremacy clause of the federal constitution, U.S.Const. art. VI, cl. 2, the insurance proceeds must be paid to Donna despite the inconsistent decree ordering the insured to designate the minor children as beneficiaries of the policy. On this ground, the Superior Court denied April's request for declaratory and injunctive relief in favor of the children based on rights granted in the divorce decree. The court also denied April's request for imposition of a constructive trust on the insurance proceeds and dismissed the cross–claim against Donna, reasoning that federal law would also prohibit equitable interference with Donna's right to the proceeds of the policy. Accordingly, the Superior Court ordered Prudential to pay the proceeds of the policy to Donna.

April has appealed on behalf of her minor children. By agreement of the parties, the insurance proceeds have been deposited with the Clerk of the Superior Court awaiting decision by this Court. Because of this agreement, any question as to the propriety of the Superior Court's denial of injunctive relief is moot. The only issue presented to us is whether the Superior Court was in error in declining to impose a constructive trust on the insurance proceeds for the benefit of the minor children. This issue is joined in April's cross–claim against Donna. We vacate the dismissal of the cross–claim.

Courts have commonly imposed a constructive trust on the proceeds of life insurance policies in the hands of a named beneficiary when the deceased has failed, contrary to the provisions of a property settlement agreement or a divorce decree, to name his divorced wife or his children by his divorced wife as the beneficiaries of the life insurance policies. *See, e. g., McKissick v. McKissick*, 93 Nev. 139, 144, 560 P.2d 1366, 1369 (1977); *Simonds v. Simonds*, 45 N.Y.2d 233, 236–238, 380 N.E.2d 189, 191, 408 N.Y.S.2d 359, 360–361 (1978); *Richards v. Richards*, 58 Wis.2d 290, 297–299, 206 N.W.2d 134, 138 (1973). Donna and Prudential contend that these cases have no application to Servicemen's Group Life Insurance because Congress has preempted the field and legislated as to how the proceeds of such policies are to be distributed. It is their contention that the supremacy clause of the federal constitution prohibits a state court from imposing a constructive trust on the proceeds of an SGLI policy.

Pursuant to its power over national defense, Congress has adopted legislation establishing the SGLI program. *Cf. Wissner v. Wissner*, 338 U.S. 655, 660–61, 70 S.Ct. 398, 400–401, 94 L.Ed. 424 (1950). There can be no question that Congress has the power fully to preempt the field when legislating pursuant to one of the express powers granted to it in the Constitution. If it has done so, the supremacy clause prohibits state action inconsistent with the congres-

sional design. In the absence of an express preemption, it has been noted by an authority on constitutional law:

The question whether federal law "preempts" state action, largely one of statutory construction, cannot be reduced to general formulas. In evaluating patterns of statutory interaction, the Supreme Court has declared generally that whether challenged state action has been preempted turns on whether or not it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." L. Tribe, *American Constitutional Law* 377 (1978), *quoting Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941).

Thus, the issue in this case is whether the imposition of a constructive trust on the insurance proceeds in the hands of Donna for the benefit of Richard's minor children "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.*

The Servicemen's Group Life Insurance Act (SGLIA), 38 U.S.C. §§ 765–76 (1976), was enacted by Congress in 1965. The SGLIA authorizes the Administrator of Veterans' Affairs to purchase from commercial insurers a group life insurance policy which provides qualified servicemen automatic coverage in a maximum amount of $20,000. 38 U.S.C. §§ 766(a), 767(a) (1976). A uniform premium is deducted from the servicemen's pay, but each insured can in writing opt out of the program or reduce the amount of coverage. *Id.*, §§ 767(a), 769(a). The Administrator of Veterans' Affairs has been granted broad rule–making authority in supervising this military insurance program. *Id.*, § 210(c)(1).

Section 770(a) of the SGLIA establishes a statutory order of beneficiary preference. In pertinent part, this section provides:

Any amount of insurance under this subchapter in force on any member or former member on the date of his death shall be paid . . . in the following order of precedence.

First, to the beneficiary or beneficiaries as the member or former member may have designated by a writing received prior to death (1) in the uniformed services if insured under Servicemen's Group Life Insurance . . .; Second, *if there be no beneficiary, to the widow or widower of such member or former member*;

Third, if none of the above, to the child or children of such member or former member and descendants of deceased children by representation, . . . . 38 U.S.C. § 770(a) (1976) (emphasis added).

*See also* 38 C.F.R. § 9.16(i) (1979). Section 770(g) creates a statutory spendthrift provision:

Payments of benefits due or to become due under Servicemen's Group Life Insurance . . . made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. 38 U.S.C. § 770(g) (1976).

Pursuant to his rule–making authority, the Administrator has promulgated several regulations concerning the designation and change of beneficiaries of SGLI policies. An insured "may designate any person, firm, corporation or legal entity" as beneficiary. 38 C.F.R. § 9.16(a) (1979). "Any designation or change of beneficiary . . . will take effect only if it is in writing, signed by the insured and received prior to the death of the insured by his or her uniformed service . . . ." *Id.*, § 9.16(d). "A change of beneficiary may be made at any time and without the knowledge or consent of the previous beneficiary." *Id.*, § 9.16(e). "No change or cancellation of beneficiary . . . in a last will or testament, or in any other document shall have any force or effect unless such change is received by the appropriate office as provided in paragraph (d) of this section." *Id.*, § 9.16(f).

The objectives to be achieved by the enactment of the SGLIA were enumerated in a statement by W. J. Driver, Administrator of Veterans' Affairs, which is a part of the legislative history. *See* [1965] U.S.Code Cong. & Admin.News, pp. 3232, 3242–43.

These objectives were: first, to make available to servicemen serving in a combat zone life insurance at standard rates and without war exclusion clauses; second, to make survivorship benefits available to non–dependent parents of deceased servicemen without the necessity that the parents meet a "needs" test; and third, to permit servicemen to provide survivorship protection for individuals such as brothers and sisters without any showing of dependency. *Id.* In the limited circumstances which are here presented, the accomplishment of these objectives is neither obstructed nor interfered with by imposing a constructive trust on the insurance proceeds.

The statutory order of beneficiary preference established by Section 770(a) does not reflect any federal interest in permitting a serviceman to evade the responsibility to provide for his minor children imposed both by virtue of his voluntary agreement and by the express provision of a valid state court decree. Furthermore, the statutory spendthrift provision found in Section 770(g) has no application to the instant case since its purpose is to protect the proceeds of the insurance from the claims of creditors. We are concerned here not with the claim of a creditor but with the claims of minor children who assert an equitable interest in the proceeds arising from their deceased father's voluntary agreement and a valid judicial decree. Moreover, the promulgated regulations governing the designation and change of beneficiaries do not prevent a state court from using its equitable power to reach the proceeds in the hands of the statutory beneficiary for the benefit of the servicemen's minor children.

Prudential and Donna assert that the statutory provisions reflect an intention by the Congress to assure ease of administration by the private insurance carriers. Nothing either in the language or in the legislative history of the SGLIA indicates that Congress at any time was concerned with the administrative convenience of the private insurance carriers.

Prudential and Donna also cite several judicial decisions which, they contend, establish that federal preemption precludes the imposition of a constructive trust in this case. We have carefully examined all those authorities and conclude that they are either distinguishable, not controlling, or both.

For example, in the case of *Wissner v. Wissner, supra,* the deceased serviceman had been insured under a National Service Life Insurance policy and had paid the premiums from his pay, which under the law of his domicile, California, was community property. The insured had named his mother as principal beneficiary and his father as contingent beneficiary. The insured's widow brought suit in a California court claiming entitlement to one–half the proceeds of the insurance policy under the state's community property law. Reversing a judgment in favor of the wife, the United States Supreme Court held that the general statutory community property law of the state of California could not override the general statutory provisions governing National Service Life Insurance which gave the insured the right to designate his beneficiary. 338 U.S. at 658–59, 70 S.Ct. at 399–400. The Court specifically noted that a different result might obtain in cases involving alimony and/or support, stating:

> [W]e must note that the community property principle rests upon something more than the moral obligation of supporting spouse and children: the business relationship of man and wife for their mutual monetary profit. Venerable and worthy as this community is, it is not, we think, as likely to justify an exception to the congressional language as specific judicial recognition of particular needs, in the alimony and support cases. *Id.* at 660, 70 S.Ct. at 400 (citation omitted).

In *Johnson v. Prudential Insurance Company of America,* 182 Neb. 673, 156 N.W.2d 812 (1968), the mother of a deceased serviceman sought to recover the proceeds of an SGLI policy as against the designated beneficiary, the serviceman's fiancee, on the theory that under state law the serviceman invalidated his designation of beneficiary. The Nebraska court held that Congress, in

authorizing a serviceman to designate the beneficiary of his SGLI policy, did not make any exception for minor servicemen and, therefore, the deceased's designation was controlling. *Id.* at 674–676, 156 N.W.2d at 814.

In *Hoffman v. United States*, 391 F.2d 195 (9th Cir. 1968), a divorce decree issued by a Washington court required a serviceman husband to designate, keep and maintain his wife as the sole beneficiary on his National Service Life Insurance policies. Contrary to this decree, the husband designated another beneficiary and upon his death his former wife sued the United States and the designated beneficiary to recover the proceeds of the insurance policies. The Ninth Circuit Court stated the issue before it as follows:

> Does a state court have the power to effectively require an *unwilling* veteran to maintain his former wife as beneficiary on his National Service Life Insurance policies? *Id.* at 196 (emphasis added).

In reliance upon its interpretation of *Wissner v. Wissner, supra*, the court of appeals answered the question it had posed in the negative. It was able to characterize the serviceman in the *Hoffman* case as "unwilling" because he had not agreed to maintain his former wife as beneficiary. In the instant case, the serviceman had agreed with his former wife to keep his policies in force for the benefit of his children. Thus, the subsequently issued divorce decree did not require an "unwilling" serviceman to maintain his minor children as beneficiaries.

Other cases have involved merely the issue whether certain actions of the deceased serviceman were effective under the SGLIA to designate or change a beneficiary. In *Stribling v. United States*, 419 F.2d 1350 (8th Cir. 1969), the court construed the language of the SGLIA strictly,

holding there had been no effective change of beneficiary since, as required by Section 770(a), the change of beneficiary form had not been received by the deceased's uniformed service prior to the serviceman's death. *Id.* at 1355. In *Prudential Insurance Company of America v. King*, 453 F.2d 925 (8th Cir. 1971), the same court construed the SGLIA more liberally, holding that the serviceman had effectively designated his beneficiary since he had satisfied the two elements required for designation: the intent to designate a particular person as beneficiary and an overt act to effectuate that intent. *Id.* at 931. The court further dealt with an issue similar to that decided in *Johnson v. Prudential Insurance Company of America, supra*, namely that the serviceman's mother was not entitled to the proceeds of his SGLI policy on the theory, advanced under state law, that because the serviceman was a minor she had the sole right to his custody, control and services. *Id.*[1] In *Commer v. United States*, 471 F.2d 1 (5th Cir. 1973), the father of a deceased serviceman brought an action to recover the proceeds of an SGLI policy which had been received by the serviceman's widow. The court held that the serviceman had effectively changed his beneficiary since he had filled out a beneficiary designation form provided by the personnel man in charge of records designating his father as his primary beneficiary and the form had been taken into possession by Navy personnel even though it had not been placed in the serviceman's file at the time of his death. *Id.* at 6.

None of the foregoing authorities prohibit the imposition of a constructive trust in favor of the deceased serviceman's minor children in the circumstances of this case. We cannot see how imposing a constructive trust to enforce a valid judicial decree implementing the serviceman's voluntary

---

1. Relying on *Stribling* and *King*, a federal district court has held that a state judicial decree could not alter a serviceman's federal right to designate his children as beneficiaries. *Stratton v. Serviceman's Group Life Ins. Co.*, 422 F.Supp. 1119, 1121–22 (S.D.Iowa 1976). Although we do not disagree with that conclusion, we are concerned here with the authority of a state court to enforce its own decrees by imposing a constructive trust on the insurance proceeds received by the designated beneficiary under a federal statutory scheme containing no express prohibition.

agreement to name his minor children as the beneficiaries of his SGLI policy can in any way frustrate or impede the accomplishment of any legitimate federal objective. Nor do we find anything in the literal language of the statute or in its legislative history which would prohibit such action. In the absence of an express congressional mandate or the decision of a court which we are bound to follow, we consider ourselves obligated to enforce the valid decrees of our state courts. Our conclusion not only preserves the integrity of the state judicial process but also provides some assurance that these minor children will not become a public charge. We are not persuaded that Congress intended any different result.

We therefore vacate the judgment dismissing the cross–claim and remand the case to the Superior Court with directions to issue an order imposing a constructive trust on the proceeds of the SGLI policy insuring the life of Richard Ridgway and, since by stipulation the proceeds have been deposited with the Clerk of Courts to be distributed in accordance with the mandate of this Court, directing the Clerk of the Superior Court to pay the proceeds to April Ridgway for and on behalf of her three minor children.

The entry is:

Judgment of the Superior Court dismissing the cross–claim vacated.

Remanded to the Superior Court with directions to enter an order naming Donna Ridgway as constructive trustee of the proceeds of the Serviceman's Group Life Insurance policy insuring the life of Richard Ridgway and directing the Clerk of the Superior Court to pay the insurance proceeds presently on deposit with said Clerk to April Ridgway for and on behalf of her minor children, Hayley Ridgway, Laurie Ridgway and Brady Ridgway.

In all other respects the judgment is affirmed.

Appellant awarded her costs.

All concurring.