Nellie Mae **STRIBLING**, Appellant,

v.

**UNITED STATES** of America, The Prudential Insurance Company of America and Georgia Mae Stribling, Appellees.

No. 19609.

United States Court of Appeals
Eighth Circuit.

Dec. 12, 1969.

------

Reinberger, Eilbott, Smith & Staten, Pine Bluff, Ark., on brief for appellant.

Bridges, Young, Matthews & Davis, Pine Bluff, Ark., on brief for appellee Georgia Mae Stribling.

Rose, Meek, House, Barron, Nash & Williamson, Little Rock, Ark., on brief for appellee Prudential Ins. Co. of America.

Before MATTHES, BLACKMUN and BRIGHT, Circuit Judges.

MATTHES, Circuit Judge.

This appeal is from a judgment of dismissal of appellant's complaint in which she sought to recover $10,000, the amount of a group life insurance policy issued by appellee The Prudential Insurance Company of America to Private Jesse B. Stribling under the provisions of the Servicemen's Group Life Insurance Act, 38 U.S.C. § 765 et seq.[1] Jurisdiction was conferred in the district court by 38 U.S.C. § 775.

The factual development of the present controversy is fully detailed in the reported opinion of the district court. Stribling v. United States, 293 F.Supp. 1293 (E.D.Ark.1968). We briefly review the salient facts.

Private Stribling was killed in action in Viet Nam on July 16, 1966. Upon entering the United States Army on December 17, 1965, he had executed government Form DA 3054, "Elections of Amount, Beneficiary Designation and Settlement Options for Servicemen's Group Life Insurance," designating that payments under his policy should be made "in the order of preference set forth in the law." The Form states that the first person in this order of preference is the serviceman's wife. Appellee Georgia Mae Stribling was the wife of Private Stribling at the time this Form was executed and was therefore the designated beneficiary. Appellant, Private Stribling's mother, alleged that the deceased, subsequent to his enlistment, had by letter evidenced an intention to change the beneficiary of his policy and, in furtherance of that intention, had sent appellant on or before April 5, 1966, an undated carbon copy of another Form DA 3054. This second document, written wholly in deceased's hand, specifically named appellant as beneficiary. Appellant conceded, however, that this purported change of beneficiary designation had not come to the attention of either appellee The Prudential Insurance Company of America or the United States Army prior to Private Stribling's death.

The able trial judge held that 38 U.S.C. § 770(a) of the Servicemen's Group Life Insurance Act, requiring a designation of beneficiary to be in "writing received in the uniformed services prior to [the serviceman's] death," is to be strictly construed, and that such a construction precluded appellant's recovery since the deceased had not notified the Army in writing of his change of beneficiary designation. Therefore,

------

1. This action was originally instituted against the United States. By amendment of her complaint appellant subsequently included The Prudential Insurance Company of America as defendant, and appellee Georgia Mae Stribling was brought in by cross-complaint. At the close of appellant's evidence the United States was dismissed as party defendant for lack of any proof of negligence on its part and that dismissal is not assigned as error on this appeal.

judgment was entered for appellee Georgia Mae Stribling. We affirm.

The critical issue presented for review is the district court's construction of 38 U.S.C. § 770(a) of the Servicemen's Group Life Insurance Act relating to designation of beneficiaries. That section provides:

"(a) Any amount of insurance under this subchapter in force on any member or former member on the date of his death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of his death, in the following order of precedence:

First, to the beneficiary or beneficiaries as the member or former member may have designated by a writing received in the uniformed services prior to such death; * * *."

We are not aware of any reported decision dealing with this precise question.[2]

The thrust of appellant's claim on appeal is that the district court erred in strictly construing the above statutory language. She urges that we adopt the liberal policy favoring beneficiary changes which has developed over the years in a long line of decisions construing the National Service Life Insurance Act of 1940, 38 U.S.C. §§ 701 et seq., the United States Government Life Insurance Act, 38 U.S.C. §§ 740 et seq.,[3] and the regulations promulgated pursuant thereto, 38 C.F.R. §§ 8.47 and 6.60 respectively. The liberal policy, adopted by this court among others, effectuated a change of beneficiary upon proof of only two conditions: First, that the serviceman intended to change the beneficiary of his particular policy, and second, that he performed some overt act directed toward accomplishing that end.[4] Benard v. United States, 368 F.2d 897 (8th Cir. 1966). For an exhaustive collection of pertinent cases see Annot., 2 A.L.R.2d 489 (1948). Appellant's argument is that Congress, being aware of the judicial interpretation of existing servicemen's life insurance acts, did not intend to alter that policy when the Servicemen's Group Life Insurance Act was enacted. We cannot accept this argument.

It is axiomatic that congressional intent is the guidepost to judicial interpretation of Federal statutes. Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962); Kansas City, Mo. v. Federal Pacific Electric Co., 310 F.2d 271 (8th Cir.), cert. denied, 371 U.S. 912, 83 S.Ct. 256, 9 L.Ed.2d 171 (1962). And, where the interpretation of a particular statute at issue is in doubt, the express language and legislative construction of another statute not strictly *in pari materia* but employing similar language and applying to similar persons, things, or cognate relationships may control by force of analogy. See, e. g., Overstreet v. North Shore Corp., 318 U.S. 125, 131–132, 63

---

2. We have found only three other reported decisions construing *any* portion of the Servicemen's Group Life Insurance Act: Johnson v. Prudential Insurance Company of America, 182 Neb. 673, 156 N.W. 2d 812 (1968); Allison v. United States, 296 F.Supp. 219 (W.D.Ky.1969); and Shannon v. United States, 417 F.2d 256 (5th Cir. 1969). None of these is particularly relevant to the instant controversy.

3. This program is the successor to the earliest government-sponsored life insurance program for American men in uniform, embodied in the War Risk Insurance Act of 1917, Pub.L. No. 90, ch. 105, 40 Stat. 398, et seq., and later consolidated and reenacted in the World War Veteran's Act, 1924, Pub.L. No. 242, ch. 320, 43 Stat. 607, et seq.

4. The district court found as a matter of fact that the deceased had possessed the requisite intent to designate his mother beneficiary and had performed an overt act in furtherance of that intent—namely, completing a government form provided for that purpose and mailing a copy thereof to appellant. While we hold serious reservations as to the sufficiency of proof of this intent, we need not hold the lower court's finding clearly erroneous in light of our approval of its construction of the statutory language involved.

S.Ct. 494, 87 L.Ed. 656 (1943); N.L. R.B. v. John W. Campbell, Inc., 159 F.2d 184 (5th Cir. 1947). The public policy providing the justification for this rule of statutory construction has been succinctly expressed in III Sutherland, Statutes and Statutory Construction § 6102, at 159 (3d ed. 1943):

> "By referring to other similar legislation the court is able to learn the purpose and course of legislation in general, and by transposing the clear intent expressed in one or several statutes to a similar statute of doubtful meaning, the court not only is able to give effect to the probable intent of the legislature, but also to establish a more uniform and logical system of law." (Footnote omitted).

The basic structure of the Servicemen's Group Life Insurance Act was modeled after the provisions of the Federal Employee's Group Life Insurance Act of 1954, Pub.L.No. 598, ch. 752, 68 Stat. 736, et seq., as amended 5 U.S.C. §§ 8701, et seq. Both acts provide automatic insurance coverage for all persons within the class sought to be protected, unless specifically disavowed.[5] Both depart from previous government-sponsored life insurance programs by providing that *private* insurance companies, rather than the Federal Government itself, are to issue the group insurance policies and be the principal carriers of the insurance risk.[6] The designation of beneficiary provisions of the two acts are virtually identical, and each expressly provides that such a designation be in writing and received by the Federal Government—"in the employing office" for Federal Employee's Group Life Insurance and "in the uniformed services" for Servicemen's Group Life insurance.[7]

Prior to congressional amendment in 1967, the designation of beneficiary section of the Federal Employee's Group Life Insurance Act, 5 U.S.C. § 8705(a), provided in relevant part:[8]

> "(a) The amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:
>
> First, to the beneficiary or beneficiaries designated by the employee in a writing received in the employing office before death."

Congress amended the second paragraph of § 8705(a) in 1967, Pub.L.No. 90–83, 81 Stat. 219, to read:

> "First, to the beneficiary or beneficiaries designated by the employee in

---

5. Compare 5 U.S.C. § 8702 with 38 U.S.C. § 767.

6. Compare 5 U.S.C. § 8709 with 38 U.S.C. § 766.

7. Compare 5 U.S.C. § 8705(a) with 38 U.S.C. § 770(a).

8. The beneficiary designation provision as originally enacted in the Federal Employee's Group Life Insurance Act of 1954 and as unofficially codified in 5 U.S.C.A. § 2093 read in pertinent part:
   "Sec. 4. Any amount of group life insurance and group accidental death insurance in force on any employee at the date of his death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of his death, in the following order of precedence:

   First, to the beneficiary or beneficiaries as the employee may have designated by a writing received in the employing office prior to death; * * *."
   68 Stat. 738 (1954). In 1966 Congress revised, codified, and re-enacted all permanent laws relating to the organization of the Federal Government and its civilian officers and employees as Title 5 of the United States Code. Pub.L. No. 89–554, 80 Stat. 378, et seq. (1966). Some minor variation in the wording of the beneficiary designation section, codified as 5 U.S.C. § 8705, appeared in this 1966 revision, but the substance of the section remained unaltered. The strikingly parallel terminology of the original beneficiary designation section of the Federal Employee's Group Life Insurance Act of 1954 and § 770(a) of the Servicemen's Group Life Insurance Act is apparent.

a signed and witnessed writing received before death in the employing office * * *. For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect."

The amendment of 5 U.S.C. § 8705(a) in 1967 was designed, in the words of the Senate Report on the bill, "To clarify Congress' intent * * *." S.Rep. No. 1064 to H.R. 432, *appearing in* 2 U.S. Code Cong. & Admin. News, 89th Cong., 2d Sess. 2070, 2071 (1966). The impetus for the amendment was a 1961 decision by the Ninth Circuit, Sears v. Austin, 292 F.2d 690 (9th Cir. 1961), which had construed the beneficiary designation section in the original Federal Employee's Group Life Insurance Act of 1954 in conformity with the liberal construction accorded beneficiary designations in National Service Life Insurance policies.[9] The court allowed a beneficiary designated in the insured's holographic will to recover the insurance proceeds, even though the insured had not previously designated a beneficiary and his will had not been filed in his employing office before death.

■ The explicit language employed in the amendment to 5 U.S.C. § 8705(a) and the Senate Report appertaining thereto makes it abundantly clear that Congress intended the beneficiary designation provisions of the Federal Employee's Group Life Insurance Act to be strictly construed.[10] By analogy, we implant that same construction upon 38 U.S.C. § 770(a).

We do not deem it material to our decision, as appellant contends, that the Federal Employee's Group Life Insurance Act and the Servicemen's Group Life Insurance Act apply to wholly different classes of persons.[11] An analysis of the legislative report to the amendment of 5 U.S.C. § 8705(a) conclusively shows that Congress' departure from the liberal policy of judicial construction typified by the *Sears* decision was motivated by the compelling and very practical objective to avoid thrusting upon the private insurance carriers undue administrative burdens. As stated in the Senate Report to the 1967 amendment of § 8705(a): "[T]he precedent established in [the *Sears*] case could, if generally followed, result in administrative difficulties for the Civil Service Commission and the insurance companies and, more important, seriously delay paying insurance benefits to survivors of Federal employees." S.Rep. No. 1064 to H.R. 432, *supra* at p. 2071. That concern is applicable with equal force to the private insurance carriers—appellee Prudential in this case—under the Servicemen's Group Life Insurance Act. Moreover, the virtual identity of the beneficiary designation section of each act would render completely anomalous

9. Two other reported decisions had construed the beneficiary designation provisions of the Federal Employee's Group Life Insurance Act. A liberal construction was made in Smith v. Metropolitan Life Insurance Co., 142 F.Supp. 320 (N. D.Cal.1956), but the Supreme Court of Pennsylvania, while noting the *Sears* decision, refused to follow it and held that the prescribed statutory procedure must be followed. Breckline v. Metropolitan Life Insurance Co., 406 Pa. 573, 178 A.2d 748 (1962). See Annot., 2 A.L.R.3d 1141 (1965).

10. Since the effective date of the amendment, Pekonen v. Edington, 298 F.Supp. 158 (E.D.Cal.1969), has held that the statutory language requires strict and literal compliance.

11. In Shannon v. United States, *supra* 417 F.2d at 261, the Fifth Circuit stated:

"The Federal Employees Group Life Insurance Act, 5 U.S.C. § 8701 et seq., provides for another group insurance program. That program is an analogy of some usefulness, though the force of the analogy is limited because neither the purpose of the program nor the government involvement and control is consistent with that of the program for servicemen in uniform [referring to the Servicemen's Group Life Insurance Act]."

As directly applied to a comparison of 5 U.S.C. § 8705(a) to 38 U.S.C. § 770(a), the analogy is certainly useful.

and unjustifiable a strict construction of the one and a liberal construction of the other.

Appellant cites the failure of Congress to amend 38 U.S.C. § 770(a) similarly to and contemporaneously with the amendment to 5 U.S.C. § 8705(a) as evidencing congressional approval of a liberal policy of construing § 770(a), and she contends that a strict construction by this court is tantamount to an unwarranted judicial impingement upon the prerogatives of Congress. This congressional silence, however, does not compel appellant's conclusion. The amendment to 5 U.S.C. § 8705(a) was inserted not to *change* the beneficiary designation provisions but to *clarify* Congress' intention that a literal compliance with the statutory procedure is absolutely necessary in order for a Federal employee to change the beneficiary of his group insurance policy. No Federal court had liberally interpreted 38 U.S.C. § 770(a) as had the *Sears* decision in construing 5 U.S.C. § 8705(a), and without such an impetus, it was unnecessary for Congress to reaffirm or expand the explicit statutory language. Our decision here does not judicially amend the Servicemen's Group Life Insurance Act; it simply gives to the words chosen by Congress their plain and unequivocal meaning, supported by the unmistakable congressional construction of the virtually identical language in 5 U.S.C. § 8705(a). Even if we were to accept appellant's prognosis that our decision will "make it more difficult for our Vietnam servicemen to change beneficiaries under their government life insurance, than * * *

for our servicemen in World Wars I, II or the Korean conflict," [12] we cannot escape the plain import of the statute.

 It follows, then, that Private Stribling's efforts to change the beneficiary of his Servicemen's Group Life Insurance policy and to designate appellant fell short of complying with 38 U.S.C. § 770(a)—the handwritten form DA 3054 was not received in the uniformed services. Therefore, the decision of the district court must be and is affirmed.

12. Although we apply a literal construction to 38 U.S.C. § 770(a), we find it difficult to comprehend any real difficulty confronting a serviceman desiring to designate or change his beneficiary, even in Viet Nam. The statute does not specify that any particular or complex government form be used. It only requires "a writing." The regulation appurtenant to the statute requires that the writing be signed by the insured, 38 C.F.R. § 9.16 (c), a condition easily fulfilled. The recipient of the writing—"the uniformed services"—is defined in 38 U.S.C. § 765 (3) to be "the Army, Navy, Air Force, Marine Corps, Coast Guard, Public Health Service, and Environmental Science Services Administration." The regulation adds the qualification that the writing be received by the *insured's* uniformed service. 38 C.F.R. § 9.16(c). In essence, then, a serviceman can literally satisfy the statutory and regulatory requirements by handing a simple written and signed designation or change of beneficiary to his superior officer. This surely is not burdensome.