## Parker v. Prudential Insurance Company of America

*William J. Toy,* for Gwendolyn Parker.

*J. G. Breen,* for Haywood King and Muriel King.

HIRSH, J., August 22, 1973.—This action involves a dispute between Gwendolyn Parker and Haywood and Muriel King over the proceeds of a life insurance policy on the life of Sergeant Edward J. Parker. The policy is a Servicemen's Group Life Insurance policy which is provided by the United States to all members of the armed forces. While a member of the United States Army, Sergeant Parker died in the Walter Reed Army Hospital on February 8, 1969. However, four

days before his death, Sergeant Parker executed a beneficiary designation form in which he changed the beneficiary to the life insurance proceeds from Gwendolyn Parker, his wife, to Haywood King, his brother-in-law, and Muriel King, his sister. Consequently, Gwendolyn Parker initiated this action in order to collect the proceeds from the insurance carrier, Prudential Insurance Company of America. Haywood and Muriel King were interpleaded as plaintiffs and now both Haywood and Muriel King and Gwendolyn Parker seek summary judgment.

In order for this court to exercise its discretion and enter summary judgment, the case must be clear and free from doubt: Davis v. Pennzoil Company, 438 Pa. 194, 264 A.2d 597 (1970). Here, such clarity exists and, accordingly, this court enters a summary judgment in favor of Haywood and Muriel King.

In this case, the facts are not in dispute. All parties agree as to the facts relating to Sergeant Parker's death and the execution of the beneficiary designation form in February, 1969. What they do not agree on is who should get the insurance policy proceeds. Gwendolyn Parker argues that the beneficiary designation form is ineffective since the original copy of the form was not placed in decedent's personnel file with the United States Army before his death. Because the Servicemen's Group Life Insurance Act, 38 U.S.C. §770, requires that beneficiaries must be designated "by a writing received in the uniformed services prior to such death," Gwendolyn Parker argues that the designation was inoperative since it was not in decedent's personnel file with his "uniformed service" at his death. The Kings, in their motion for summary judgment, argue that the statutory requirements were satisfied since the beneficiary designation form was undeniably received by the Records Custodian of the Walter Reed Army Hospi-

tal. However, the United States Army subsequently mislaid or misplaced one of the two copies it had in its possession and did not place a copy in decedent's personnel file. This court is now asked to determine the legal significance of this chain of events.

The Servicemen's Group Life Insurance Act only requires that the election of beneficiary form be received by the relevant uniformed service, in this case the United States Army, before the insured's death. Here, Sergeant Parker executed the proper form indicating a clear intent to change his beneficiary and delivered it to the Records Custodian of the Walter Reed Army Hospital. This case is distinct from Stribling v. U. S., 419 F.2d 1350 (C.A. 8, 1969), where the beneficiary election form was not delivered to the United States Army prior to the insured's death. Here, such delivery was made. When Sergeant Parker turned over a signed copy of the beneficiary designation form to the Walter Reed Army Hospital's Message Center, copies of the form were received at that moment by Sergeant Parker's uniformed service. It then became the duty of the United States Army to distribute the copies in accordance with Army regulations: Shores v. Nelson, 248 Ark. 155, 450 S.W. 2d 543 (1970). That Sergeant Parker's personnel file was at Fort Belvoir, not Walter Reed Army Hospital, should not have any significance to the present issue. The act only requires that the beneficiary designation form be received by decedent's uniformed service prior to his death and this court does not think that this case can be disposed of by such finely carved distinctions as proposed by Gwendolyn Parker.

Accordingly, it is, therefore, ordered and decreed that the motion of claimants, Haywood King and Muriel King for summary judgment is granted and judgment is entered in their favor against the Pru-

dential Insurance Company of America, and it is further ordered and decreed that the motion of Gwendolyn Parker a/k/a Gwendolyn S. Parker, for summary judgment is denied and it is further ordered and decreed that defendant, the Prudential Insurance Company of America's motion for interpleader is denied.