**Joette Smotherman GILLISPIE and the State National Bank of Denison, Appellants,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA and Bobbie Lee Jezek, Appellees.**

No. 19851.

Court of Civil Appeals of Texas, Dallas.

July 26, 1979.

Rehearing Denied Aug. 29, 1979.

Michael Thompson, Jarvis, Thompson, Grisham, Sanders, Smyre, Hagood, Emerson & Fry, Denison, for appellants.

Mark R. Bamburg, Weisberg, Shirley, Bamburg & Weisberg, Denison, for appellees.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

STOREY, Justice.

Joette Smotherman Gillispie for herself and for her minor daughter, sued the Prudential Insurance Company of America to recover the proceeds of a veteran's group life insurance policy insuring the life of her deceased husband, James M. Gillispie. Prudential joined Bobbie Lee Jezek, the mother of the deceased and the State National Bank of Denison, Trustee of the James M. Gillispie Family Trust as parties to the suit. Prudential was discharged after payment of the policy proceeds into the registry of the court. This appeal is brought by the wife and the trustee bank urging reversal of the trial court's judgment which awarded the policy proceeds to the deceased's mother.

The primary questions presented by the appeal is whether decedent made an effective designation of the bank as beneficiary under 38 U.S.C.A. section 770(a) (Supp.1979) of the Servicemen's Group Life Insurance Act (the Act). Section 770(a) provides:

Any amount of insurance under this subchapter in force on any member or former member on the date of his death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of his death, in the following order of precedence: First, to the beneficiary or beneficiaries as the member or former member may have designated by a *writing received prior to death* (1) in the uniformed services if insured under Servicemen's Group Life Insurance, or (2) *in the administrative office established under section 766(b) of this title* if separated or released from service, or if assigned to the Retired Reserve, and insured under Servicemen's

Group Life Insurance, or if insured under Veterans' Group Life Insurance; Second, if there be no such beneficiary, to the widow or widower of such member or former member; . . .. [emphasis added].

All parties agree that the decedent signed a written designation of the bank as beneficiary but that this designation was not received in the administrative office prior to death. Appellants contend that the Act should be liberally construed to give effect to the intent of the insured; while appellee contends that this construction would defeat the legislative intent. Despite the obvious intent of the insured to the contrary, as revealed by the record in this case, and the apparent inequity resulting, we conclude that the Act must be construed as written, and therefore affirm.

The record reflects that on August 1, 1975, James M. Gillispie executed an application form for Veteran's Group Life Insurance in the amount of $20,000 naming his mother, Mrs. Vernon Jezek, as the primary beneficiary. On November 21, 1975, he married Joette Smotherman Gillispie. At or near the date of his marriage, Gillispie became aware that he was suffering from terminal cancer; and in late 1975, or early January 1976, he learned that his wife was pregnant. About this time also, Gillispie employed counsel to assist in the planning of his estate. On January 27, 1976, he executed the family trust, his will, and a document designed to revoke all previous beneficiary designations to the policy here in question and to appoint the trustee bank as beneficiary.

The trust agreement is an insurance trust designating the wife and children as beneficiaries with specific reference to the unborn child. It contains a "pour-over" provision to receive the residue of the decedent's estate as contingent beneficiary in the event of the prior death of his wife who was named sole beneficiary in the will. These documents, the will, trust and beneficiary revocation-designation were left with the decedent's attorney. On February 24, the Bank acknowledged acceptance of the trust and the decedent died on February 26. The beneficiary designation was received by the administrative office on March 1, 1976.

Appellants argue that the statute should be construed liberally so that a change of beneficiary could be established upon proof of two conditions: First, that the insured intended to change the beneficiary; and second that he performed some overt act directed toward accomplishing that end. This policy of liberal construction found favor in the federal courts' construction of section 770(a) prior to the 1967 amendment of the Federal Employees' Group Life Insurance Act, 5 U.S.C.A. section 8705(a) (1967); *Behrens v. United States*, 299 F.2d 622 (9th Cir. 1962); *Aguilar v. United States*, 226 F.2d 414 (9th Cir. 1955). Texas courts have followed a similar construction of change-of-beneficiary provisions in insurance contracts by applying the "substantial compliance" rule. *See Kotch v. Kotch*, 151 Tex. 471, 251 S.W.2d 520 (1952).

After 1967, a transition occurred in the construction of the Act by the federal courts. The reason for this transition is discussed at length in *Stribling v. U. S.*, 419 F.2d 1350 (8th Cir. 1969). Upon facts identical to those before us, the court concluded that the Congress had mandated a strict construction of section 770(a) and held that a designation in writing received prior to death in the administrative office was essential to effect a change of beneficiary. The court reached its conclusion by analogizing the Act here in question with the Federal Employees' Group Life Insurance Act which had been amended in 1967 to contain essentially the same provisions regarding beneficiary designation. Before that amendment, the latter Act had been interpreted by the courts under the liberal policy here urged by appellants. The court in *Stribling* referred to the legislative history of the 1967 amendment. This history revealed the express purpose of the amendment was to correct the courts' erroneous interpretation and to clarify Congress' intent that the Act should be strictly construed to require receipt of beneficiary designations prior to death. According to the

Senate report, this was necessary in order to avoid "administrative difficulties for the Civil Service Commission and the insurance companies and, more important, seriously delay paying insurance benefits to the survivors of federal employees." S.Rep.No. 1064, 89th Cong., 2nd Sess., reprinted in [1966] U.S.Code Cong. & Admin.News, pp. 2070, 2071. While we are not bound by the holdings of intermediate federal courts, we cannot escape the rationale of the court in *Stribling*, nor, of course, can we ignore the clear mandate of the legislative body.

But, appellant urges, even if effect cannot be given to the beneficiary designation contained in the instrument dated January 27, 1976, it may nevertheless be given effect as a revocation of the existing beneficiary designation because the statute does not expressly provide that a revocation must be received in the administrative office prior to death. We cannot agree because such a construction would indirectly accomplish that which is directly prohibited by the Act. In the event of revocation, the Act supplies the next beneficiaries in succession. To give effect to a revocation not received prior to death would serve to designate the next beneficiary supplied by the Act and would result in the same administrative difficulties which Congress sought to avoid by its mandate of strict construction.

Appellants also urge that there is no evidence the original application designating appellee as beneficiary was ever received in the appropriate office; and further, that there is no evidence the designated beneficiary, Mrs. Vernon Jezek, is one and the same person as the appellee Bobbie Lee Jezek. The application dated August 1, 1975 was introduced into evidence and shows on its face to be received by a Servicemen's Group Life Insurance representative on August 13, 1975. We find ample evidence in the record to establish that appellee is one and the same as Mrs. Vernon Jezek. These points are therefore overruled.

Affirmed.