Mr. Kie D. Hall Executive Director Arkansas Public Employees Retirement System One State Capitol Mall Little Rock, Arkansas 72201-1015
Dear Mr. Hall:
This is in response to your request for an opinion regarding Act 717 of 1987. You have asked, specifically, whether a person who has retired from the County Division of the Arkansas Public Employees Retirement System under the provisions of Act 717 may serve as a Justice of the Peace.
Act 717 was passed to provide certain retirement incentives for persons retiring from the County Division of the Arkansas Public Employees Retirement System. Persons participating in the retirement incentive program are ". . . not eligible to accept further employment in which the County or any other County is the employer." The question, then, is whether the Office of Justice of the Peace constitutes "employment in which the County of any other County is the employer" for purposes of Act 717.
The office of the Justice of the Peace is an elective office for which the person elected is entitled to compensation. See Ark. Stat. Ann. 17-3601(b) (Repl. 1980); Ark. Stat. Ann. 17-4202 (Repl. 1980 and Cum. Supp. 1985); Ark. Const. Amend. 55. Justices of the Peace are provided a per diem compensation for attending Quorum Court meetings, and their compensation for serving in a judicial capacity is fixed by ordinance of the Quorum Court in each county. See 17-4202(1) and (2).
The term "employ" ordinarily connotes providing one with a job that pays wages or a salary. It cannot be said that the County "employs" a Justice of the Peace within the usual meaning of that term since this individual is elected to office. However, a court will in all likelihood refer to the provisions of Act 177 of 1957, as amended, [Ark. Stat. Ann. 12-2501 et seq. (Repl. 1979 and Cum. Supp. 1985)] in construing Act 717 of 1987 since the Legislature has clearly indicated that Act 717 shall be "[i]n addition to the provisions of Section 11 of Act 177 of 1957, as amended." See Section 1 of Act 717 of 1987. Reference to the General Assembly's definition of terms within the meaning of the public Employees Retirement System law is also consistent with the established rule of statutory construction providing that, where interpretation of a particular statute is in doubt, express language and legislative construction of another statute employing similar language and applying to similar persons or things may control by force of analogy. Stibling v. U.S., 419 F.2d 1350 (8th Cir. 1969).
"County employees" are defined under Ark. Stat. Ann. 12-2501 E(d) as "all employees whose compensations are payable either directly or indirectly by a county participating public employer. . . ." The term "employee" extends to officers ". . . of any office, agency, board, commission or department of a public employer whose compensations were, or are, payable from funds appropriated by said public employer." 12-2501 E(a), as amended by Act 461 of 1987. The term "public employer" means any "participating public employer" which, in turn, includes "any county . . . in the State whose employees are included in the membership of the system." 12-2501 B and C. It is reasonable to conclude from this that Justices of the Peace may be members of the County Division of the Arkansas Public Employees Retirement System, depending upon the amount of service rendered in any month. [As a practical matter, they may fail to meet the eligibility requirements under Ark. Stat. Ann. 12-2510 D(a) which states in pertinent part ". . . that in no case shall less than ten (10) days service rendered by him in any calendar month be credited as a month of service."]
Act 17 of the First Extraordinary Session of 1987 should also be considered. That Act clearly envisions the extension of early retirement benefits under Act 717 of 1987 to "County Elected Constitutional Officers" who are members of the County Division of the Arkansas Public Employees Retirement System and who qualify by meeting the requirements set forth in Act 717.
It appears from the foregoing that a Justice of the Peace may be considered a "county employee" within the context of laws relating to public employees' retirement. It therefore follows that the prohibition against accepting "further employment in which the county . . . is the employer" may reasonably be construed to extend to the office of Justice of the Peace. This conclusion is also consistent with the General Assembly's apparent desire under Act 717 to preclude the County's continued compensation of persons availing themselves of the early retirement incentives offered under the Act.
Thus, in response to your specific question, a county employee who participates in the retirement incentive program under Act 717 of 1987 may not serve as a Justice of the Peace.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.