The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion on the following questions:
 1. Would a person who retires from state or county employment under the Early Retirement Incentive Program (Act 187 and Act 717 of 1987 and Act 17 of 1987 of the 1st Extraordinary Session) be eligible to hold a public office i.e. State Legislature, Governor, Lt. Governor, Secretary of State, Attorney General, or other constitutional or judicial office without losing their retirement benefits?
 2. Would the answer be the same if the person taking early retirement was an elected official?
 3. Would they be eligible if they agree to serve without compensation?
Act 187 of 1987 offers certain retirement incentives to person retiring from the State Division of the Public Employees Retirement System, the Arkansas State Highway Employee System and the State Police Retirement System. Act 717 of 1987 applies to members of the County Division of the Public Employees Retirement System. Act 17 of the First Extraordinary Session of 1987 amends Acts 187 and 717 to permit elected officials to serve out their elected terms prior to their retirement under the incentives.
Section 1, subsections (A) and (B) of Act 187 provide that persons participating in the retirement incentive program are "not eligible to accept further employment in which the state is the employer." While the language of Sections 2 and 3 of Act 187 varies somewhat, these provisions echo the prohibition against "further employment . . . . in which the state is the employer." Section 7 of the Act states that employees of the State Highway and Transportation Department "shall not be eligible for subsequent employment, as an employee, by an state agency, whose employees are covered by a State supported retirement system." Act 717 of 1987 contains similar language with respect to further employment of persons retiring from the County Division of the Public Employees Retirement System. See Section 1(A) (B) and Section 2 (A) (B) of Act 717. These provisions apply to further employment in which the county is the employer.
It must therefore be determined, in response to your first question, whether the public office constitutes "employment" within the meaning of Acts 187 of 717 of 1987. If so, it may be concluded that persons availing themselves of the various retirement incentives are not eligible for the office. It will, however, be necessary in each case to consider the office in question, as well as the position from which the person is retiring.
While the Attorney General, as a member of the Executive Department, cannot provide controlling definitions of terms where the legislature has elected not to provide them, it is reasonable to conclude in this instance that a court would construe the term "employment" within the context of laws governing public employee retirement. This conclusion is indicated in part by the reference in Acts 187 of 717 to the provisions of the Public Employees Retirement System law. See Section 1 of Act 187 Section 1 of Act 717. It is also consistent with the established rule of statutory construction providing that, where interpretation of a particular statute is in doubt, express language and legislative construction of another statute employing similar language and applying to similar persons or things may control by force of analogy. Stibling v. U.S., 419 F.2d 1350 (8th Cir. 1969).
The term "employee" clearly extends to public officers for purposes of the Public Employees Retirement System law. "State employees" are defined under Ark. Stat. Ann. 12-2510E(b) (Cum. Supp. 1985) as "all otherwise eligible employees whose compensations were or are payable from funds appropriated by the State." "County employees" are "all employees whose compensations are payable either directly or indirectly by a county participating public employer." Ark. Stat. Ann. 12-2501E(d) (Repl. 1979). The term "employee" includes officers "of any office, agency, board, commission or department of a public employer whose compensations were, or are, payable from funds appropriated by said public employer." Ark. Stat. Ann. 12-2501E(a), as amended by Act 461 of 1987. And the term "public employer" means the State of Arkansas "or any participating public employer," which, in turn, includes "any county . . . . in the State whose employees are included in the membership of the System." See Ark. Stat. Ann. 12-2501B and C (Repl. 1979).
The term "employment" would therefore in all likelihood by deemed by a court to include public office for purposes of construing laws relating to retirement from the state or county. It is also significant to note under Ark. Stat. Ann. 12-2506A(b) (3) (Repl. 1979) that all elected and appointed state and county constitutional officials are members of the Public Employees Retirement System. The retirement laws also included specific provisions addressed to members of the General Assembly. See Ark. Stat. Ann. 12-2510.2 — 12-2510.13 (Repl. 1979 and Cum. Supp. 1985). It is therefore clear that these officers, as members of the Public Employees Retirement System, are eligible for early retirement incentives under Act 187. If the term "employment" does not include public office, retirants under Act 187 would be eligible to return to office. This result is, however, inconsistent with other provisions of the Act indicating that person retiring thereunder are ineligible for subsequent employment by the department from which they retire. See Section 2(A) (B), Section 3(A) (B) of 187.
A question does arise, however, with respect to judicial office. Judges of the Supreme Court, Circuit Courts, or Chancery Courts are not "employees" within the meaning of the Public Employees Retirement Law. See Ark. Stat. Ann. 12-2501E(a)(iii)(4) (Cum. Supp. 1985). It is therefore clear that these persons are not eligible for the retirement incentives under Act 187. It must be determined whether the legislature intended to exclude these judicial officers from the language of Act 187 pertaining to further employment of person availing themselves of the retirement incentives.
Section 7 of Act 187 may offer some indication of what the legislature intended when it precluded "further employment in which the state is the employer." Section 7 states as follows:
 Any employee of the Arkansas State Highway and Transportation Department retired under the provisions of this law shall not be eligible for subsequent employment, as an employee, by any state agency whose employees are covered by a State supported retirement system.
This language directs the focus of concern, suggesting that the legislature is concerned with "subsequent employment" in positions covered by a "State supported retirement system." One might contend that the legislature intended to prevent the retirant's return to any position that is included in a retirement system supported by the state. Thus, judicial offices covered by a state supported retirement system would fall within the language of the Act, rendering the retirant ineligible for these positions. It is, however, unclear whether the term "state agency" appearing in Section 7 of Act 187 may be read to include the Supreme Court, or a circuit or chancery court. The final decision on this question must remain with the courts, in the absence of any statutory or judicial authority directly on point.
It must also be noted in Watt, 290 Ark. 343, 719 S.W.2d 428
(1986). The clarity of this provision on its face dispels with the necessity, or appropriateness, of resorting to extrinsic matter in determining whether the Act covers Cherokee Village.
It is therefore my opinion that the answer to this question is yes.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.