The Honorable Stark Ligon Circuit Judge P.O. Box 881 Warren, Arkansas 71671
Dear Judge Ligon:
This is in response to your request for an opinion on several matters pertaining to jurors. Your specific questions have been restated and answered in the order presented.
(1) Must a juror actually be selected to sit and try at least one case during the six month term of jury service, or must a prospective juror merely report for jury duty at least once and be examined under oath on his or her qualifications in order to be ineligible for the two (2) year period under A.C.A. 16-31-104(a)?
Arkansas Code of 1987 Annotated 16-31-104 states as follows under subsection (a):
 Any person who is sworn as a member of a grand or petit jury shall be ineligible to serve on another grand or petit jury in the same county for a period of two (2) years from the date the person is excused from further jury service by the court or by operation of law.
It is well-established that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Mourot v. Arkansas Bd. of Dispensing Opticians,285 Ark. 128, 685 S.W.2d 502 (1985). The language of 16-31-104(a) appears to be clear in limiting the application of that provision to one "who is sworn as a member of a grand or petit jury." A.C.A.16-32-107 should also be considered wherein it states:
 (c) Persons whose names are drawn and recorded in the jury book shall not be disqualified from further duty as provided for in 16-31-104(a) until they have been required to report for jury service and sworn therefore.
Since a prospective juror who has been examined under oath on his or her qualifications presumably has not yet been sworn for service on a jury, it may be concluded that A.C.A. 16-31-104(a) will not apply to render that person ineligible for the stated two (2) year period.
(2) If a prospective juror is a volunteer member in a fire department that has no full-time firemen, may that person claim the occupational excuse provided for under A.C.A.16-31-103(b)(1)(F)?
A.C.A. 16-31-103(b)(1)(F) states that "[a]ctive members of any fire department or fire company" shall not be required to serve as jurors if they object to serving and notify the court of their objections before being sworn.
The phrase "fire department or fire company" may be construed with reference to other legislative enactments employing similar language and applying to similar persons or things. See Stibling v. U.S., 419 F.2d 1350 (8th Cir. 1969). While the legislature has not offered a definition of these terms under 16-31-103, provisions pertaining to fire prevention services, codified at A.C.A. 20-22-801 et seq. (Supp. 1987), may offer guidance in this regard.
The term "fire department" is defined under A.C.A. 20-22-802(3) as "any organization established for the prevention or extinguishment of fires including, but not limited to, fire departments organized under an improvement district, private fire departments, and volunteer fire departments." Thus, a court may conclude, following this expression of legislative intent, that the phrase "active members of any fire department or fire company" as it appears in 16-31-103 reasonably encompasses active volunteer members of a department that has no full-time paid firemen.
(3) Is the occupational excuse from jury service provided for under A.C.A. 16-31-103(b)(1)(H) available to:
 (A) A person who is certified as a law enforcement officer but not currently employed?
 (B) A person who is employed as a law enforcement officer but who may not be certified eligible.
Pursuant to A.C.A. 16-31-103(b)(1)(H), "[a]ctive members of any law enforcement agency" may be exempt from jury duty upon request. With respect to question 3(A), the answer appears to be no. The Code is clear in its requirement that one be an active member of a law enforcement agency to qualify for the exemption. One who is certified but not currently employed would, it seems, not be an "active member" of an agency.
It must be initially noted, in response to your question regarding non-certified law enforcement officers, that the inquiry under16-31-103(b)(1)(H) must focus on the employing agency, and not simply the person's status as a "law enforcement officer." One could contend that any member of an agency involved in enforcing some state law(s) is eligible for this exemption from jury service. It is my opinion, however, that such an argument would be premised upon an overly broad interpretation of16-31-103(b)(1)(H). The phrase "law enforcement agency" may reasonable be construed as embracing agencies traditionally involved in the enforcement of highway, traffic, and criminal laws of the state. See, e.g. A.C.A. 12-9-301(6). The question must be addressed on a case by case basis, with a view to the functions (s) of the agency involved and the particular facts surrounding the person's employment or involvement with that agency. We are aware of no case law or other legislative enactments offering specific guidance in this area.
It should also be noted, finally, that A.C.A. 16-31-103(b)(1)(H) does not appear to impose a certification requirement. Thus, the fact that the member of such an agency is uncertified would, in my opinion, not be dispositive.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.