The Honorable Robert W. Tullis State Representative Box 277 Mineral Springs, AR 71851
Dear Representative Tullis:
This is in response to your request for an opinion on the following questions:
 1. May a county quorum court member participate in the filling of a vacancy in a county elective office, if one of the persons being considered to fill the vacancy is a relative of the quorum court member?
 2. If a county quorum court member is related to another elected official of the county, may the quorum court member participate in matters relating to his relative's office, such as budgetary matters?
Arkansas Code Annotated 14-14-1202, the county ethics law, must be initially considered in response to these questions. Subsection (1) of 14-14-1202 states as follows:
 The holding of a public office or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county government. An officer or employee shall carry out all duties assigned by law for the benefit of the people of the county. The officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
In response to your first question, while it is my opinion that the mere participation in the voting process would not fall within the actions prescribed under 14-14-1202(a), a conclusive determination would require a review of the particular circumstances in order to establish whether the quorum court member "[used] his office, the influence created by his official position, or information gained by virtue of his position to advance [the] economic interest . . . of an immediate member of his family." Such a factual review is not within the province of this office.
The issue will also turn on whether the relative is "an immediate member" of the quorum court member's family. There is no definition of this phrase under 14-14-1202. However, another ethics provision enacted by the General Assembly states: "no public official or state employee shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship." See A.C.A. 21-8-304(a). This provision may be relied upon by analogy as offering guidance in construing the phrase "an immediate member of his family" under A.C.A.14-14-1202(a). See, e.g., Stibling v. U.S., 419 F.2d 1350 (8th Cir. 1969).
It is my opinion that the answer to your second question is, generally, "yes." This is particularly true if, for instance, the budget only incidentally contains the salary of an immediate family member. However, prudency dictates that the quorum court member refrain from participating in decisions that are focused more narrowly upon the personal economic interest of the family member.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.