The Honorable Randy Thurman State Representative P.O. Box 584 Heber Springs, AR 72543
This is in response to your request for an opinion on the following question:
 Does the expungement of Juvenile Court records allow a college applicant or scholarship applicant to answer negatively to State and/or private College application forms when information concerning criminal convictions, which have been expunged, is requested by the institutions?
Although reference is made in your question to "criminal convictions," I assume that your inquiry is actually directed toward adjudications of delinquency under the Juvenile Code since you also refer to the expungement of "Juvenile Court records." Adjudication as a delinquent is, of course, distinguishable from "conviction" of an offense under the Criminal Code.
The provision for expungement of a juvenile court record is found at A.C.A. 9-27-361, which states in pertinent part as follows under subsection (b)(1):
 Juvenile courts may expunge at any time the records of a juvenile on its own motion or on the motion of any interested party. The juvenile court may also order that the name of the juvenile be physically removed, obliterated, or blotted from the records of a juvenile upon the expiration of three (3) years from the time the juvenile is adjudged a delinquent, in need of supervision, or dependent — neglected, or two (2) years after the juvenile's eighteenth birthday, whichever is earlier.
This office has previously concluded, citing the above language, that a juvenile whose juvenile court adjudication has been expunged may respond in the negative in this regard on any applications for employment, licensing or permits, or in any other instance in which civil rights or privileges are involved. A.G. Opinion No. 80-163 (copy enclosed).
This conclusion was reached following a review of other statutory provisions governing "expungement." See, in this regard, A.C.A.16-93-303, 16-93-510, 16-90-601, and 16-90-604. Reference to these provisions is, in my opinion, appropriate in light of the rule of statutory of construction approving guidance from other provisions employing similar language and applying to similar persons where interpretation of a statute is in doubt. Stibling v. U.S., 419 F.2d 1350 (8th Cir. 1969).
It is therefore my opinion that the answer to your question is "yes."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.