**Marian WARD, Plaintiff,**

v.

**Cleta Ward STRATTON, Defendant.**

**No. S90–0052C(4)**

United States District Court,
E.D. Missouri,
Southeastern Division.

June 1, 1992.

Daniel T. Moore, Poplar Bluff, Mo., for plaintiff.

John L. Oliver, Jr., Joseph J. Russell, Cape Girardeau, Mo., for defendant.

## MEMORANDUM

CAHILL, Senior District Judge.

This matter comes before the Court for a decision on the merits after a trial to the Court. The Court, having considered the pleading, exhibits, and applicable law, hereby makes the following findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure.

Plaintiff, Marian Ward, brings this action against the defendant, Cleta Ward Stratton, to recover the proceeds of an insurance policy issued by the Metropolitan Life Insurance Company on behalf of the decedent, Grady Ward. This matter was originally filed against Metropolitan Life in the Circuit Court of Butler County and was removed to this Court on April 2, 1990. Thereafter, defendant Metropolitan Life interpleaded the value of the policy plus interest into the Court and the final order of interpleader was granted on October 16, 1990. The issue to be determined by this Court is who is the correct beneficiary of the proceeds of the insurance policy in question.

Insured/husband Grady Ward began employment as a civilian employee with the United States Air Force. It was while an employee with the Air Force that Mr. Ward procured a policy of life insurance under a group policy for federal employees, under the Federal Employees Group Life Insurance program (FEGLI). During his lifetime plaintiff had several marriages, stemming from his first marriage with the plaintiff, Marian Ward, for a period of twenty years, to their subsequent remarriage in late 1989. Mr. Ward and Marian had two children, both girls. They divorced in 1970 and Grady met wife number two, was married for a couple of years and then divorced her and married wife number three, the defendant herein, Cleta Ward (now Cleta Ward Stratton), in 1976. They were divorced in 1982. Mr. Ward then married again but soon divorced wife number four. In the last year of his life, Mr. Ward remarried his first wife, Marian but died of a serious illness seven months later. Plaintiff Marian Ward now seeks to establish her alleged right to claim the proceeds of the life insurance policy herein purchased by her husband, the decedent/insured Grady Ward, as against Mr. Ward's third wife, the defendant Cleta Ward Stratton.

## FINDINGS OF FACT

1. Decedent/husband, Grady Ward, purchased a certain policy of insurance on his life, Federal Employees Group Life Insurance Policy No. 1700–G, under Social Security No. 525–44–6961 insuring decedent's life in the amount of $20,000.

2. Mr. Ward married plaintiff Marian Ward in 1950, to whom two children were born. The Court has received no record of decedent having named plaintiff Marian Ward as beneficiary of the above described policy between the dates of their first marriage and their divorce in 1970. Mr. Ward married Marian Ward again in 1989, after having married and divorced three other wives, including the defendant Cleta Ward Stratton.

3. Mr. Ward married a second time after his divorce from plaintiff Marian Ward and no records were produced which indicated any designation of wife number two as beneficiary of the above described policy.

4. Thereafter, Mr. Ward married defendant Cleta Ward in 1976 as his third wife. Mr. Ward completed a designation of beneficiary form dated August 3, 1976, designating defendant Cleta Ward as the beneficiary of the above policy. Mr. Ward sent another designation of beneficiary form executed by him on December 16, 1980, and again named his then-present wife, Cleta Ward as the beneficiary.

5. Mr. Ward and defendant Cleta Ward subsequently filed for divorce in the State of Texas and such divorce was granted by the district court of Potter County Texas, on April 23, 1982.

6. Pursuant to this divorce, Mr. Ward and Cleta Ward retained as their separate property any interest each earned individually in any pension, profit-sharing, retirement program, or any benefit earned in their respective names during the marriage.

7. Mr. Ward married a fourth time after his divorce from the defendant and no records were produced which indicated any change of beneficiary affecting Mr. Ward's fourth wife.

8. Mr. Ward subsequently divorced his fourth wife, and on April 13, 1989, remarried his first wife, Marian Ward.

9. Marian Ward wrote a letter on Mr. Ward's behalf, dated August 16, 1989, to the Office of Personnel Management (OPM), requesting a change of beneficiary on his life insurance policy to his then-current wife, Marian Ward. This request was signed by the plaintiff on behalf of and with the express permission of Mr. Ward.

10. The letter requesting a change of beneficiary was received by the OPM prior to the death of Mr. Ward. The OPM responded with a letter dated September 13, 1989, requesting documents concerning Mr. Ward's divorce from his previous wife. Furthermore, a Form 2823 Designation of Beneficiary Form, Federal Employees Group Life Insurance Program, was included by the OPM for completion and return.

11. The Form 2823 was completed and signed by Mr. Ward and attested to by the two adult children of Mr. Ward and Marian Ward naming Marian Ward as the beneficiary of this policy on September 20, 1989.

12. Plaintiff held the Form 2823 before mailing this to the Office of Personnel Management while awaiting receipt of Mr. Ward's divorce decree from the State of Texas. This document, ultimately, was never received by the Wards, but a certified copy of the decree has been marked as an exhibit in this case.

13. Mr. Ward died on October 9, 1989.

14. On October 10, 1989, plaintiff Marian Ward mailed the Designation of Beneficiary Form 2823, which was received by the OPM on October 16, 1989. The blocks on this form for the mailing name and address of the insured and the date of execution were not completed.

15. Metropolitan Life Insurance Company received a letter claiming the proceeds to the life insurance benefits dated October 30, 1989. Included in that request was a duplicate copy of the above-described beneficiary designation form, except that on this copy the name and address of the insured and a date of execution of 4/20/89 had been inserted after October 16, 1989. Plaintiff informed the insurance company that she had inserted the name, address, and date of execution on this document subsequent to the death of the decedent, Grady Ward. Plaintiff further indicated that the date should have read 9/20/89, but was mistakenly written 4/20/89.

16. Metropolitan Life Insurance Company rejected the claim of the plaintiff, Marian Ward, because the Designation of Beneficiary Form 2823, was received by the OPM on October 16, 1989, after the death of the insured.

17. Plaintiff's claim of entitlement to the proceeds of the insurance policy was refused and Mr. Ward's ex-wife, Cleta Ward Stratton was declared entitled to the proceeds.

## CONCLUSIONS OF LAW

■ In the case at bar, plaintiff alleges that she is the appropriate and correct beneficiary to the decedent's life insurance policy. Defendant argues that 5 U.S.C.

§ 8705 is controlling and since she is the last person named as a beneficiary under the provisions for designation of beneficiary, she is therefore entitled to the proceeds of the policy.

Section 8705(a) of Title 5 provides, in pertinent part, that the proceeds of a group life insurance policy shall be paid:

First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before the death in the employing office.... For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.

Second, if there is no designated beneficiary, to the widow or widower of the employee....

The Court recognizes that some federal courts have strictly construed the requirements for changing the named beneficiary on a FEGLI policy. *See, Stribling v. U.S.*, 419 F.2d 1350, 1354 (8th Cir.1969); *Lewkowicz v. Lewkowicz*, 761 F.Supp. 48, 49 (E.D.Mich.1991); *Metropolitan Life Ins. v. McShan*, 577 F.Supp. 165 (N.D.Cal.1983). Nevertheless, whenever a statute, regulation, rule, or ordinance is so strictly applied that rank injustice results, there may be exceptions that merit closer judicial scrutiny.

The court in *Stribling v. United States* held that a soldier did not effectively change his Servicemen's Group Life Insurance (SGLI) policy beneficiary by mailing a copy of the change of beneficiary form to his mother. In so holding, the Court strictly construed the statutory and regulatory requirement that a beneficiary be designated by a writing filed before the death of the decedent. *Stribling v. U.S., supra,* 419 F.2d at 1355. *See, also Metropolitan Life Insurance Co. v. Manning,* 568 F.2d 922, 925–926 (2d Cir.1977). The Court did not,

however, hold that any particular writing is required or that some writings, if filed, would not be given effect. To the contrary, the Court in *Stribling* noted that no particular form is required and that any "simple written and signed designation or change of beneficiary" is sufficient. *Id.* at 1355 n. 12. Furthermore, the Eighth Circuit has held that a soldier's "failure to use" the proper official form for designating a beneficiary "certainly ... should not be a vehicle by which the serviceman's will or intent could be nullified." *See, Prudential Insurance Co. v. King,* 453 F.2d 925, 929 (8th Cir.1971); *Prudential Insurance Co. of America v. Smith,* 762 F.2d 476 (5th Cir.1985).[1]

In the case at bar, on August 16, 1989, the plaintiff, at the direction and on behalf of Mr. Ward, wrote to the OPM to request that his previous wife's name be removed from his records and that his present wife be named as beneficiary of decedent's disability retirement benefits and beneficiary of his life insurance policy. Included in this letter was all of the appropriate information required for making such a change, with the exception of attesting witnesses. This letter was received by the OPM before the death of the decedent. The OPM then responded by return letter on September 13, 1989, indicating the necessary requirements for effectuating such a change. Subsequently, the decedent complied by properly executing the provided Form 2823 on September 20, 1989, including attestation by their two adult children. Decedent then died October 9, 1989. The plaintiff mailed the Form 2823 on October 10, 1989, which was received on October 16, 1989.

Although the OPM failed to receive the Designation of Beneficiary Form 2823 prior to decedent's death, it is clear to the Court that the decedent did execute a valid form

---

1. The Court notes that the basic structure of the two statutes, the Servicemen's Group Life Insurance Act, 38 U.S.C. § 765, *et seq.,* and the Federal Employee's Group Life Insurance Act of 1954, 5 U.S.C. § 8701, *et seq.,* are modeled after one another and both provide automatic insurance coverage for all persons within the class sought to be protected. The designation of beneficiary provisions of the two acts are virtually identical, and both provide that such a designation be in writing and received by the Federal Government—"in the employing office"—for the FEGLI and—"in the uniformed services"—for the SGLI, prior to the death of the insured. *See* 38 U.S.C. § 770(a) and 5 U.S.C. § 8705(a); *Stribling v. United States,* 419 F.2d 1350, 1353 (8th Cir. 1969).

prior to his death which clearly expressed his intentions concerning the disposition of the proceeds of the policy of insurance. This fact, in light of decedent's divorce from the defendant and the lack of contact since their divorce, clearly indicates decedent's intentions to change the beneficiary of his insurance policy in order to designate Marian Ward as his beneficiary.

Defendant argues that Congress has clearly indicated the beneficiary designation provisions of the FEGLIA be strictly construed, *citing, Stribling v. United States,* 419 F.2d 1350 (8th Cir.1969). However, the purpose of the relevant statute ".... was motivated by the compelling and very practical objective to avoid thrusting upon private insurance carriers undue administrative burdens." *Stribling,* 419 F.2d at 1354. In the case at bar, the insurance carrier, Metropolitan Life Insurance Company, is not even a party litigant. At the outset, the insurance carrier readily admitted the validity of the policy and promptly sought to interplead the face value of the policy together with a small sum of accrued interest. It promptly deposited that sum with the Clerk of the Court for such disposition as the Court deemed proper. Consequently, the private insurance carrier incurred little expense or time lost toward the litigation of this action, and thus was thereby protected from the future inconvenience or expenses of subsequent litigation. The prime governmental goal of the legislative purpose has been accomplished.

■ In endeavoring statutory construction, courts should consider not only the language of the statute, but also the subject matter, object to be accomplished, purpose to be served, the underlying policies, remedies provided, and the consequences of various interpretations. *Kifer v. Liberty Mut. Ins. Co.,* 777 F.2d 1325 (8th Cir.1985). All statutes must be given sensible construction. *Premachandra v. Mitts,* 727 F.2d 717 (8th Cir.1984). *See also, Ashley Drew and Northern Ry. v. United Transp. Union,* 625 F.2d 1357, 1365 (8th Cir.1980) ("[I]t would be impermissible to follow a literal reading that engenders absurd consequences where there is an alternative interpretation that reasonably effects the statute's purpose"). Even though the initial request from the decedent lacked the necessary formalities, subsequent filing of the properly executed Form 2823, read in conjunction with this request, make the designation, in this case, sufficiently complete. The Court believes that to arbitrarily award judgment to an unwitting and unintended beneficiary would be contrary to any legislative or administrative objective.

Other courts have recognized the inherent inequities of the literal application of the statute such as would seem to be called for in this case. *See Ridgway v. Ridgway,* 454 U.S. 46, 62, 102 S.Ct. 49, 59, 70 L.Ed.2d 39 (1981) (describing result as "unpalatable"); *Dean v. Johnson,* 881 F.2d 948, 949 (10th Cir.1989) (describing result as "harsh"); *O'Neal v. Gonzalez,* 839 F.2d 1437, 1440 (11th Cir.1988) (same). *But see, Carlson v. Carlson,* 11 Cal.3d 474, 113 Cal.Rptr. 722, 521 P.2d 1114 (1974) (court found widow was entitled to one-half of proceeds where community funds used to pay premiums, even though employee had designated his sons as beneficiaries under FEGLI policy); *Barden v. Metropolitan Life Insurance Company,* 41 N.C.App. 135, 254 S.E.2d 271 (1979) (court found that pursuant to separation agreement, employee was required to maintain FEGLI for benefit of first wife in spite of designation of beneficiary form naming second wife).

■ Such apparent inequities are evidence that any literal interpretation, without the flexibility to recognize exceptions, inures to the detriment of all parties concerned, most significantly in the case at bar, to the insured. Statutory construction that leads to impractical or harsh results should, when possible, be avoided. *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 102 S.Ct. 3245, 3252, 73 L.Ed.2d 973 (1982). Moreover, Missouri law has given emphasis to the maxim that the courts favor a construction of a statute which avoids unjust or unreasonable results. *See Maryland Cas. Co. v. General Elec. Co.,* 418 S.W.2d 115, 118 (Mo.1967); *Laclede Gas Co. v. City of St. Louis,* 363 Mo. 842, 253 S.W.2d

832, 835 (1953). The purpose of a Court is to do justice. Its decisions must, of course, not make law, but interpret the law made by the legislature so as to achieve that body's intent and purpose.

Therefore, the Court finds that the efforts of the insured were sufficient to meet the compliance requirements regarding a change of beneficiary. Mr. Ward wanted to give the proceeds of the insurance policy to his present wife, Marian Ward. She is the mother of his two children and the woman who cared for him in the last days when he was weary and ill. Mr. Ward's efforts left no ambiguity or doubt as to his intentions. The defendant's only claim to the proceeds rests on the dubious ground that some six or eight years ago, while married to the decedent, she was the named beneficiary. There is no evidence that she ever saw or even communicated with the decedent after their divorce in 1982; in that divorce she expressly relinquished all rights to any property or interest of her former husband. While the divorce was not delivered to the OPM before decedent's death, nonetheless, it was and is a valid judgment now before this Court. Defendant neither deserves nor is entitled to such a windfall.

The Court is persuaded that defendant's undue enrichment under the facts presented here today would be contrary to the decedent's or any legislative intent. Consequently, the Court enters judgment in favor of the plaintiff, Marian Ward, and against the defendant, Cleta Ward Stratton, consistent with this memorandum.